Merrimack,
Sept. 11, 1951.  } No. 4041.

STEWART A. LYFORD & a. v. TRUSTEES OF BERWICK ACADEMY.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Jones* orally), for the plaintiffs.

*Varney & Fuller* and *H. Thornton Lorimer* (*Mr. Lorimer* orally), for the defendant.

DUNCAN, J.  The law is well settled in this jurisdiction that "an objection to service or notice is waived when a party, by general appearance or otherwise, submits any other question, except the sufficiency of service or notice, to the court or other tribunal." *Roberts* v. *Stark*, 47 N. H. 223, 225; *Dolber* v. *Young*, 81 N. H. 157, 159, and cases cited.  See also, *Maryland Cas. Co.* v. *Martin*, 88 N. H. 346; *Nelson* v. *Morse*, 91 N. H. 177.  It is regarded as an "elementary principle that waiver, like any question of fact, is to be determined upon all the evidence and is not concluded by the declaration of the party." *Dolber* v. *Young, supra,* 159.  It is the "character of his acts in praying the consideration of the court," and not the form of the statements which the defendant makes, which determines the effect of his conduct.  The question is whether he has in fact submitted himself to the jurisdiction of the tribunal. *Worthen* v. *Kingsbury*, 84 N. H. 304, 308.

The issue presented in this case, is whether as a matter of law

the defendant must be held to have waived its jurisdictional objection, or whether the implied finding by the Trial Court that the objection was not waived may be sustained upon the evidence. The motions for leave to appear specially and to amend were heard upon the record alone; no other evidence was introduced.

The effect of the defendant's action is to be determined not solely with reference to isolated allegations contained in its pleadings, but with respect to its action as a whole. While the original motion to vacate judgment contained a denial of "any monies due the plaintiff" and an allegation that the defendant "intends to defend said action," it sought no determination of the merits of the action and no judgment in the defendant's favor. Unlike the defendant in *Dolber* v. *Young. supra*, the academy did not undertake "at the same time [to] invoke the judgment of the court upon the merits of the case and deny its jurisdiction." *Id.*, 159. Seeking to appear after the case had gone to judgment, it asked that judgment be vacated and the default stricken, in order that it might appear specially and file its pleadings "and contest said action."

If by itself the phrase last quoted was open to the construction that the defendant sought to contest the action upon the merits such a construction was not compelled. Leave was sought to appear "specially." In the light of the defendant's conduct in filing the other documents within two days, the prayer of the first motion could reasonably be held to seek an opportunity to contest the action upon jurisdictional grounds alone. The special appearance filed on June 29, but antedating the filing of the motion to vacate judgment, purported to be "for the purpose of entering a special plea to dismiss for want of jurisdiction." It was followed by the filing of a "plea to the jurisdiction" purporting to "defend specially," and alleging that the defendant existed under the laws of foreign jurisdictions, and that it owned no property, and conducted no business within New Hampshire. The latter plea might reasonably be found to be the "pleading" which the defendant by its motion first filed, sought leave to file and thereby to "contest said action."

The denial of indebtedness contained in the motion to vacate was consistent with the purpose of the motion, as was the statement of intention to defend. The defendant sought to have the judgment vacated and the default stricken so that it might appear, to be heard on the issue of jurisdiction. This relief it might reasonably apprehend would be withheld if it seemed not to question its liability. The allegation was calculated to overcome any implication that the

motion was purely dilatory. Under Superior Court Rule 8 an affidavit of defense is required before a default shall be stricken off. Appendix, 94 N. H. However the judgment was a nullity if jurisdiction was lacking; and the pleadings raised no issue upon the merits. The defendant might reasonably consider strict compliance with the rule unnecessary, if not inadvisable. If it was applicable, the Trial Court could dispense with compliance in its discretion.

If under the pleadings filed it should be established that the Court was without jurisdiction of the action, judgment would presumably be vacated, and there would be no occasion for the defendant to defend the pending action upon the merits. If jurisdiction were held to exist, no issue relating to the merits would be presented by the pleadings. A finding that the defendant sought to invoke the judgment of the court upon the merits was not compelled. *Cf. State* v. *District Court*, 96 Mont. 475.

The finding that the action taken by the defendant in June was not a waiver of its jurisdictional objection is accordingly sustainable upon the evidence. No claim is made that the motion filed in October constituted such a waiver.

The conclusion that a motion to vacate judgment grounded solely upon lack of jurisdiction does not constitute a general appearance is supported by decisions in other jurisdictions. In *Orchard Co.* v. *C. C. Taft Co.*, 34 Idaho 458, an order denying a motion to set aside a default judgment was set aside. It was there said: "It is clear that the appellant's sole purpose was to challenge the jurisdiction of the court over it, and the relief sought is in no way inconsistent with a want of such jurisdiction." *Id.*, 467. See also, *State* v. *District Court, supra.* Other statements of like purport are found in *Rorick* v. *Stilwell*, 101 Fla. 4, 18; *State Tax Commission* v. *Larsen*, 100 Utah 103; *Virginian J. S. Land Bank* v. *Kepner*, 54 Oh. App. 352; *McGuinness* v. *McGuinness*, 72 N. J. Eq. 381. See also, cases collected in Note, Anno. Cas. 1914 C 694, 696.

*Exceptions overruled.*

All concurred.