Carroll
No. 6498

LYFORD HUTCHINS

v.

EUGENIA R. DEL ROSSO

July 30, 1976

*Lyford Hutchins,* by brief and orally, pro se.

*Phillips & Grillo,* of Massachusetts, and *Ira H. Shinberg (Mr. Herbert P. Phillips* orally) for the defendant.

LAMPRON, J. The main issue is whether personal jurisdiction was obtained over Eugenia R. Del Rosso so that her personal assets will be subject to execution to satisfy the money judgment of $4,897.78 rendered by the court.

Plaintiff instituted a possessory action under RSA ch. 540 returnable in the Ossipee District Court at the September 1966 term to recover possession of certain premises in Effingham known as the "Drake Mill Lot." On a plea of title by the defendant, Angelo Del Rosso, the action was transferred to the superior court. Angelo died April 20, 1967, and his widow, Eugenia, a resident of

Haverhill, Massachusetts, the sole devisee under her husband's will, was appointed executrix thereof in that Commonwealth on June 16, 1967.

On or about February 1, 1968, plaintiff filed a "Motion to Join Administrator and for Confession of Judgment." One of its prayers was the following: "B. That said legal representative of his estate, if any, be ordered to appear and assume the defense of this action." This motion was granted by *Bownes,* J., on June 18, 1968.

However, on April 19, 1968, plaintiff filed another motion entitled "Suggestion of Death and Motion to Join Executrix and Devisee." It contained the following prayer: "1. That the Honorable Court order that the said Eugenia R. Del Rosso, both in her capacity as executrix of the estate of Angelo Del Rosso, and in her personal capacity as devisee and successor in interest, to come in and defend this action and be bound by the outcome." Plaintiff also sought an order of notice in accordance with the prayer to be served on Eugenia by certified mail, return receipt, at 12 Maple Avenue, Haverhill, Massachusetts. This motion was granted by *Flynn,* J., on May 8, 1968. Such an order of notice was issued on May 9, 1968, and a receipt of notice by certified mail was signed by Eugenia on May 17, 1968. An appearance card dated the same day was filed by Thomas S. Allison, Jr., Esq., as counsel for "Eugena [*sic*] R. Del Rosso, Executrix of the estate of Angelo Del Rosso."

On August 23, 1968, plaintiff filed a motion seeking the issuance of a writ of possession and the assessment of damages. The writ of possession was granted by *Dunfey,* J., on September 11, 1968. There was evidence that, at the request of the presiding justice, the clerk telephoned Attorney Allison to inform him of a hearing on the next day, September 12, 1968, on the assessment of damages. Neither he nor the defendant attended the hearing. After receiving testimony, the court granted damages under RSA 540:23 in the sum of $4,897.18. They included $3,850 for loss of rents from December 1, 1966 to September 1, 1968; $150 for purging the soil of pollution; and $380 for removal of the "Del Rosso Camp." Judgment was entered October 1, 1968. Plaintiff sought a certification of the records which was issued by the clerk of court under the caption *"Lyford Hutchins v. Eugenia R. Del Rosso Individually and as Executrix of Estate of Angelo Del Rosso."* Suits were then instituted against Eugenia in the probate and superior courts of Massachusetts to recover these damages.

On December 31, 1969, defendant Eugenia filed a petition enti-

tled "Petition for New Trial" as executrix and as "an individual but only for the purpose of presenting the petition and not for the purpose of submitting to the jurisdiction of the court generally." The first prayer sought to have the judgment against Eugenia as an individual vacated because she has never submitted herself to the jurisdiction of the court and no in rem proceeding has given the court jurisdiction. The Court *Dunfey*, J., found and correctly ruled that the essence of plaintiff's February 1, 1968 motion granted by *Bownes*, J., on June 18, 1968, was to order the legal representative of the estate of Angelo to assume the defense of the action because of his decease. There was no attachment of Eugenia's interest in New Hampshire property, or any issuance of an order of notice and no service of process on her by mail or otherwise. RSA 510:4, :5, :8. We hold that the trial court properly found and ruled that no in personam jurisdiction was obtained over Eugenia under this motion.

The trial court also found and ruled that plaintiff's motion filed April 19, 1968, entitled "Suggestion of Death and Motion to Join Executrix and Devisee" was "for all intents and purposes directed at Mrs. Del Rosso in connection with any interest she had in defendant's estate as executrix of same or devisee and/or beneficiary." We hold that the language could be so interpreted. The court overlooked, however, the record that this motion had been granted by *Flynn*, J., on May 8, 1968, and that an order of notice had been issued in accordance with the prayer and had been mailed to and received by Eugenia on May 17, 1968. For reasons which follow, the interpretation placed on the motion by the court as well as its failure to consider the process which ensued did not void the trial court's ultimate conclusions that Eugenia individually was never a party defendant and that no judgment was ever entered against her individually or personally.

In the absence of personal service within this State, jurisdiction over a nonresident can only be obtained if the legislature has provided another method of service of process. Restatement of Judgments § 8 (b) (1942); *see Rosenblum v. Company*, 99 N.H. 267, 269, 109 A.2d 558, 561 (1954); F. James, Civil Procedure § 12.2 (1965). The pertinent statutes at that time were RSA 510:4, :5, which provided for service on nonresidents in actions for recovery of real estate in this State if an attachment of the real estate was made. The voluminous docket of proceedings in this case reveals no such attachment. The only other statute, RSA 510:8, which provides for other modes of notice, has been held not to apply in

this situation. *Rosenblum v. Company, supra* at 270, 109 A.2d at 561. This court has said that jurisdiction under a statute providing methods of acquiring in personam jurisdiction would be exercised to the full constitutional limit. *Leeper v. Leeper,* 114 N.H. 294, 296, 319 A.2d 626, 627-28 (1974). However, the terms of RSA 510:4, :5, :8, would not support a construction which would permit obtaining in personam jurisdiction under them.

Effective August 19, 1969, the legislature amended RSA 510:4 to permit service of process on the secretary of state if a nonresident "has the ownership, use, or possession of any real or personal property" situated in this State. RSA 510:4 I, II (Supp. 1975). We held in *Property Owners Association v. Sholley,* 111 N.H. 363, 284 A.2d 915 (1971), that jurisdiction could be based on the new statute for acts occurring before its enactment when service was made after its effective date. This did not occur in this case. We hold that in personam jurisdiction was not obtained over Eugenia by service on her in Massachusetts of the order of notice issued after the granting of the plaintiff's April 19, 1968 motion. Thus the erroneous assumption by the trial court that no action was taken on that motion did not affect the court's conclusion that in personam jurisdiction was never obtained over Eugenia. Consequently, the plaintiff was not prejudiced by the court's error.

The trial court also properly found and ruled that under the circumstances of this case, Eugenia's pleading entitled "Petition for New Trial" was really a request to clarify whether or not the outstanding judgment for damages ran against her personally. We hold that the court properly ruled that the petition which was specifically limited to the issue of jurisdiction did not render her personally bound by the judgment. *Duncan v. McDonough,* 105 N.H. 308, 199 A.2d 104 (1964); *Lyford v. Academy,* 97 N.H. 167, 83 A.2d 302 (1951). The court also correctly found and ruled that no appearance was ever filed for Eugenia individually and that the fact that the plaintiff or the clerk of court captioned the pleadings after May 20, 1968, as being against Eugenia individually as well as executrix could not alter the real facts. The record as a whole does not require a finding or ruling that Eugenia waived her jurisdictional objections.

We affirm the trial court's findings and rulings that Eugenia individually was never a party defendant in the proceedings; that no judgment was ever entered against her individually or personally; and that there is no need to vacate such a judgment which was never entered. As a result the damages assessed under RSA

540:23 and the judgment thereon is not collectible against her personal assets. All of plaintiff's exceptions appearing on the record are overruled.

*Plaintiff's exceptions overruled.*

GRIMES, J., did not sit; the others concurred.