Grafton
No. 94-725

APPEAL OF MASCOMA VALLEY REGIONAL SCHOOL DISTRICT

June 3, 1996

*Kidder & Burke*, of Laconia (*Bradley F. Kidder* on the brief and orally), for the petitioner, Mascoma Valley Regional School District.

*Steven R. Sacks*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the intervenor, Mascoma Valley Regional Support Staff Association, NEA-NH.

*Sheehan Phinney Bass + Green*, of Portsmouth (*Thomas J. Flygare* on the brief), for New Hampshire School Administrators Association, as *amicus curiae*.

BROCK, C.J. Mascoma Valley Regional School District (school board) appeals the Superior Court (*Fitzgerald*, J.) denial of its petition for permission to hold a special school district meeting pursuant to RSA 197:3 (Supp. 1995). We dismiss the appeal as moot but offer guidance to trial courts for their consideration of future petitions.

The school board and the Mascoma Valley Regional Support Staff Association (union) negotiated a collective bargaining agreement (CBA) that expired in June 1994. In the fall of 1993, the parties began negotiating for a successor CBA, ultimately reaching agreement in January 1994. The CBA was routinely submitted to the school district voters at the March 1994 annual meeting, but the voters postponed consideration of it until April 1994. At the reconvened April meeting, the voters rejected the CBA. The parties then renegotiated, agreeing to a new CBA in June 1994. The new CBA contained measures intended to address the voters' financial concerns, including approximately $30,000 in savings to the school district.

The school board then petitioned the superior court for permission to hold a special school district meeting, *see* RSA 197:3, to allow the school district voters the opportunity to vote on the renegotiated CBA prior to March 1995. The court found that the parties had negotiated in good faith and observed, "it has been a relatively routine practice of the Superior Court to approve requests for such special meetings based on similar factual situations." The court, however, denied the school board's petition, finding no emergency as required by RSA 197:3. The school board, joined by the union, moved for reconsideration, but the court reaffirmed its earlier ruling. The school board appealed.

The school district voters approved the renegotiated CBA at the March 1995 annual meeting, leaving the school board with no present case or controversy. *See Dolcino v. Thalasinos*, 114 N.H. 353, 354, 321 A.2d 107, 107–08, *cert. denied*, 419 U.S. 1014 (1974). We accordingly dismiss the appeal as moot. *See id.* Because the issue raised is likely to arise in the future and may not be subject to meaningful appellate review, however, we provide guidance to the trial court for its consideration of such petitions. *Cf. Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 675, 394 A.2d 828, 829 (1978) (mootness doctrine may be avoided when issues are capable of repetition, yet likely to evade review).

██  When this court interprets statutes, we look to the plain meaning of the words used. *Appeal of Astro, Spectacular*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994). Our goal is to apply statutes in light of the legislature's intent in enacting them, *see City of Concord v. PELRB*, 119 N.H. 725, 727, 407 A.2d 363, 364 (1979), and in light of the policy sought to be advanced by the entire statutory scheme, *see State v. Taylor*, 132 N.H. 314, 318, 566 A.2d 172, 174 (1989); *Chasse v. Banas*, 119 N.H. 93, 96–98, 399 A.2d 608, 610–11 (1979).

RSA 197:1 (1989) provides that every school district shall hold an annual meeting between March 1 and March 25 "for raising and appropriating money." A school district may hold a special meeting in addition to the annual March meeting under certain circumstances. RSA 197:2 (Supp. 1995). The district may not appropriate money at a special meeting unless one of two conditions in RSA 197:3, I, is met, however. The first is not at issue on this appeal. The second provides that "[i]n case an emergency arises requiring an immediate expenditure of money, the school board may petition the superior court for permission to hold a special district meeting," at which the district may appropriate money with the same authority it would have at an annual meeting.

RSA chapter 197 plainly indicates a legislative preference and policy in favor of school district appropriations being made at annual meetings. The emergency exception in RSA 197:3 must be interpreted in a manner consistent with this policy and preference. Because the statute offers no definition of "emergency," we construe the word according to its "common and approved usage." RSA 21:2 (1988). There is, however, no requirement that an emergency involve a "crisis" in every set of circumstances. *Petition of Public Service Co.*, 97 N.H. 549, 550–51, 84 A.2d 177, 178 (1951). "Obviously, emergency cannot be defined with absolute precision; latitude must be allowed for reasonable differences of opinion." *Id.* at 550, 84 A.2d at 178.

██  A determination of whether an emergency exists under RSA 197:3 requires consideration of a number of factors, including the severity of the harm to be avoided, the urgency of the petitioner's need, whether the claimed emergency was foreseeable or avoidable, whether the appropriation could have been made at the annual meeting, and whether there are alternative remedies not requiring an appropriation. With respect to petitions involving requests to hold special meetings for CBAs, the trial court may include among these factors any actual or potential disharmony to labor-management relations resulting from delay. Laws 1975, 490:1 (legislative statement of policy in enacting RSA chapter 273-A).

The parties have argued that policy considerations favoring the promotion of labor peace, *see* Laws 1975, 490:1, and the timely submission of cost items for voter approval, *see* RSA 273-A:3, II(b), :5, I(e) (1987), justify special district meetings whenever a CBA has been achieved. We do not interpret the statutes in that manner. The legislature, of course, could so provide.

These factors should be of assistance to trial courts faced with petitions for emergency meetings in the future. Because we need not determine whether findings made by the trial court support its determination that no emergency existed in the case before us, however, we do not.

*Appeal dismissed.*

All concurred.