Laconia District Court
No. 95-372

### SOUTH DOWN RECREATION ASSOCIATION

### v.

### PHILIP AND CAROLE MORAN

December 10, 1996

*Lawson & Philpot, P.C.,* of Laconia (*Edward D. Philpot, Jr.* on the brief and orally), for the plaintiff.

Philip and Carole Moran, *pro se,* filed no brief.

BROCK, C.J. The plaintiff, South Down Recreation Association, appeals the Laconia District Court (*Huot,* J.) dismissal of the plaintiff's action against the defendants, Philip and Carole Moran. The trial court ruled that it did not have personal jurisdiction over the defendants because service of process was not in accordance with the long-arm statute. *See* RSA 510:4 (1983 & Supp. 1996). We affirm.

The plaintiff sued the defendants in district court for payment of condominium dues and assessments. *See* RSA 356-B:15 (1995). The defendants are residents of Salem, Massachusetts. The writ was served on the defendants' abode in Salem by an Essex County, Massachusetts sheriff. The defendants did not appear and were defaulted.

Before final judgment was entered, the district court, *sua sponte,* raised the question of personal jurisdiction and ruled "that nonresident defendants must be served by service on the Secretary of State and certified mail in the first instance. If that is unsuccessful, application may be made to the court for alternative service." The plaintiff appealed.

On appeal, the plaintiff argues that RSA 510:4, II (Supp. 1996) does not provide the exclusive means of serving nonresident defendants, contending that RSA 510:4, V (1983) and RSA 510:2 (1983) authorized the service it effected in this case. We disagree.

RSA 510:4 is our long-arm statute. *See Roy v. Transairco, Inc.,* 112 N.H. 171, 173, 291 A.2d 605, 606 (1972). RSA 510:4, I, provides for implied submission to New Hampshire jurisdiction when a nonresident "transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state." *See Hutchings v. Lee,* 119 N.H. 85, 87-88, 398 A.2d 68, 69-70 (1979). RSA 510:4, II provides:

> *Service of Process on Secretary of State.* Service of process upon any person who is subject to the jurisdiction of this state, as provided in this section, may be made by leaving a copy thereof, with a fee of $10, in the hands or office of the secretary of state. Such service shall be of the same legal force and effect as if served on the defendant at his abode or place of business in the state or country where he resides and according to the law of that state or country, provided that notice thereof and a copy of the process is forthwith sent by registered mail, postage prepaid, by the plaintiff or his attorney to the defendant at his last known abode or place of business in the state or country in which the defendant resides. The defendant's return receipt and an affidavit of the plaintiff or his attorney of compliance with the section shall be appended to the process and entered therewith. In the event that the notice and a copy of the process are not delivered to or accepted by the defendant, the court may order such additional notice, if any, as justice may require.

RSA 510:4, V states that the method of service provided in RSA 510:4, II "is not exclusive and service on nonresident individuals may be made *in any other manner provided by law.*" (Emphasis added.)

■ Proper service of process is a necessary prerequisite to obtaining jurisdiction over an out-of-state defendant. *Hutchins v. Del Rosso,* 116 N.H. 421, 423, 365 A.2d 127, 129 (1976). If personal service is not effected within the boundaries of the State, *see* RSA 510:2, "jurisdiction over a nonresident can only be obtained if the legislature has provided another method of service of process." *Hutchins,* 116 N.H. at 423, 365 A.2d at 129. This requirement is

separate from the due process requirement that the defendant have minimum contacts with the jurisdiction "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted); *see Williams v. Williams*, 121 N.H. 728, 731, 433 A.2d 1316, 1318-19 (1981), *appeal dismissed*, 455 U.S. 930 (1982); *Cove-Craft Industries v. B.L. Armstrong Co. Ltd.*, 120 N.H. 195, 198, 412 A.2d 1028, 1030 (1980).

Although we construe our statutes providing personal jurisdiction over nonresidents "to the full constitutional limit," *Leeper v. Leeper*, 114 N.H. 294, 296, 319 A.2d 626, 627-28 (1974), we also consistently require strict compliance with statutory requirements for service of process. *E.g., Lachapelle v. Town of Goffstown*, 134 N.H. 478, 479, 593 A.2d 1152, 1153 (1991); *cf. First Bank of Marietta v. Cline*, 466 N.E.2d 567, 568-69 (Ohio 1984) (where statute authorizes out-of-state service in person or by mail, out-of-state publication service insufficient to confer jurisdiction). "Where a statute points out a particular method of serving process . . . such method must be followed . . . ." *Bissonnette v. Alpine, Inc.*, 96 N.H. 419, 420, 77 A.2d 586, 587 (1951).

When we interpret statutes, we look to the plain meaning of the words used. *Appeal of Astro Spectacular*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994). "Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *Appeal of Mascoma Valley Reg. School Dist.*, 141 N.H. 98, 100, 677 A.2d 679, 681 (1996) (citation omitted). In our analysis, "we will focus on the statute as a whole, not on isolated words or phrases," *Roberts v. General Motors Corp.*, 138 N.H. 532, 536, 643 A.2d 956, 958 (1994), presuming that the legislature did not use "superfluous or redundant words," *Appeal of Derry Educ. Assoc.*, 138 N.H. 69, 71, 635 A.2d 465, 467 (1993) (quotation omitted).

RSA 510:4, II provides no explicit authorization for out-of-state personal service. It provides that when jurisdiction is vested in New Hampshire courts by virtue of RSA 510:4, I, substituted service, made by registered mail and by service on the secretary of state, will "be of the same legal force and effect as if served on the defendant at his abode . . . in the state . . . where he resides." *Id.* This language does not authorize out-of-state personal service. *Compare* RSA 510:4, II *with* VT. R. CIV. P. 4(e) (specifically providing that out-of-state defendants "may be served . . . in the same manner as if such service were made within the state") *and* Ga. Code Ann. § 9-10-94 (Michie 1982) (specifically providing that

out-of-state defendants "may be served . . . in the same manner as service is made within the state").

The plaintiff argues that the use of the permissive "may" in RSA 510:4, II suggests a legislative intent to authorize alternative methods of service, as "provided by law," RSA 510:4, V, without complete compliance with the requirement in RSA 510:4, II that service be made on the secretary of state. *See In re Russell C.*, 120 N.H. 260, 264, 414 A.2d 934, 936 (1980); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1396 (unabridged ed. 1961) (defining "may"). The plaintiff, however, failed to serve the defendants in a manner "provided by law."

Our statutes contain many provisions for service of process on nonresident defendants. *See, e.g.*, RSA 260:68 (1993) (service on director of division of motor vehicles under nonresident motorist statute); RSA 293-A:15.10(b) (Supp. 1996) (process on foreign corporation may be served by registered or certified mail); RSA 356-A:19 (1995) (service on attorney general under Land Sales Full Disclosure Act); RSA 406-B:4, :5 (1983 & Supp. 1996) (service on commissioner of insurance or secretary of state under Unauthorized Insurance Act); RSA 421-B:30, VII-IX (Supp. 1996) (service on secretary of state under Securities Act). With the exception of RSA 510:8, however, these other provisions apply in connection with suits against nonresidents arising under particular sets of circumstances not applicable to this case. *See, e.g.*, RSA 260:67 (1993) ("Any person who . . . drives a vehicle upon the ways of the state" appoints director of division of motor vehicles for service).

The only other manner of serving nonresident defendants found in RSA chapter 510 is RSA 510:8, which provides:

> *Other Notice.* When the defendant is not an inhabitant of the state, and no mode of serving the writ is prescribed, or service thereof cannot be made in the mode prescribed, the action may be entered in court and such notice ordered as the case requires, and notice of the pendency of the suit, given according to the order, shall be sufficient service.

*See Barton v. Hayes*, 141 N.H. 118, 120, 677 A.2d 694, 695 (1996). By its terms, RSA 510:8 only applies if (1) no mode of service is prescribed, or (2) the plaintiff cannot effect service in the mode prescribed. Neither condition was met in the instant case; nor did the court order the notice that was given.

The plaintiff argues that RSA 510:2, providing for abode service generally, is another "manner provided by law" for serving nonresident defendants, RSA 510:4, V, and thus that it authorizes the service made in this case. We disagree.

RSA 510:2, relating to the "manner" of serving writs, does not refer to nonresident defendants. We have never construed this provision to authorize personal or abode service outside of New Hampshire's borders. *Cf.* RSA 510:4 (1955) (prior version of RSA 510:4 specifically authorized out-of-state personal service on nonresidents in *in rem* actions where property previously had been attached); *Whitcomb v. J. J. Quinlan & Co.*, 75 N.H. 429, 430, 75 A. 525, 526 (1910) (same). This accords with the traditional common law rule that the jurisdiction-conferring power of a court's writ of summons extended only to the boundaries of the State of its issuance. *E.g., Maryland Casualty Co. v. Martin*, 88 N.H. 346, 346-47, 189 A. 162, 163 (1937) (under identical language in predecessor to RSA 510:2, holding out-of-state service insufficient); RESTATEMENT (SECOND) OF JUDGMENTS § 4 comment c (1980); 62B AM. JUR. 2D *Process* § 305, at 997-98 (1990).

█ Although the extent of our courts' personal jurisdiction over nonresidents has broadened, *see* RSA 510:4, I, the manner of service of process prescribed by the legislature still must be followed. *See Lachapelle*, 134 N.H. at 479-80, 593 A.2d at 1153; *Bissonnette*, 96 N.H. at 420, 77 A.2d at 587; *Cline*, 466 N.E.2d at 568-69. The manner of service of process prescribed by the legislature in cases where jurisdiction is acquired under RSA 510:4, I, is via RSA 510:4, II. If that method fails, then plaintiffs may request the superior court to order such additional notice as the case requires, either by virtue of the last sentence of RSA 510:4, II or RSA 510:8. This path was not followed in the instant case, and, accordingly, the district court did not have personal jurisdiction over the defendants.

*Affirmed.*

All concurred.