Strafford
No. 2001-441

PETER J. RODGERS *& a.*

v.

COLBY'S OL' PLACE, INC. *& a.*

Submitted: January 28, 2002
Opinion Issued: June 25, 2002

*Hall, Hess, Stewart, Murphy & Brown, PA,* of Manchester (*Peter E. Hutchins* on the brief), and *Turgeon & Associates,* of Amesbury, Massachusetts (*Roger D. Turgeon* on the brief), for the plaintiffs.

*Nelson, Kinder, Mosseau & Saturley, PC,* of Manchester (*Blake M. Sutton* on the brief), for defendant Colby's Ol' Place, Inc.

*Sulloway & Hollis, P.L.L.C.,* of Concord (*Martin L. Gross* on the brief), for the American Insurance Assoc., as *amicus curiae.*

DUGGAN, J. The plaintiffs, Peter J. Rodgers and Christian Pare, appeal from a Superior Court (*T. Nadeau,* J.) order in favor of defendant Colby's Ol' Place, Inc. (Colby's). The plaintiffs argue that the trial court erred in denying their motion to reallocate the award of damages. We affirm.

The plaintiffs were injured in a car accident. At the time of the accident, they were passengers in a vehicle driven by defendant Mitchell E. Hartford, III, who was intoxicated. The plaintiffs brought actions against Hartford and Colby's, the bar that had served Hartford alcohol prior to the accident. On April 12, 2001, the parties entered into a settlement

agreement apportioning liability and damages. The settlement agreement awarded Rodgers damages of $95,000 and found Hartford 52 2/3% at fault, Colby's 26 1/3% at fault, and Rodgers 21% at fault. The settlement agreement awarded Pare damages of $60,000 and found Hartford 58 1/3% at fault, Colby's 25% at fault and Pare 16 2/3% at fault. The settlement agreement also stipulated that Hartford was judgment proof, and that his share of the damages was uncollectible. Under the terms of the settlement agreement, Colby's would be liable to Rodgers for approximately $25,000 and to Pare for approximately $15,000.

On May 3, 2001, the plaintiffs filed motions seeking to reallocate the share of the awards originally assigned to Hartford. The plaintiffs claimed that RSA 507:7-e, III (1997) allowed for the reallocation of Hartford's uncollectible share of the damages to Colby's, the only other defendant in the case. This would have made Colby's liable for approximately $75,000 to Rodgers and $50,000 to Pare. The superior court denied the plaintiffs' motions, ruling that reallocation under RSA 507:7-e, III was only available in contribution actions among defendants. The plaintiffs' actions were consolidated for appeal.

On appeal, the plaintiffs argue that RSA 507:7-e, III permits a plaintiff to seek reallocation of damages among defendants when one defendant is judgment proof. The plaintiffs argue that this reallocation includes those who are less than fifty percent at fault. They argue that the trial court's ruling fails to construe the statute as a whole, creates a contradiction between the statutory provisions, nullifies the purpose of the statute, adds language not intended by the legislature, produces unjust and illogical results, and fails to recognize the reallocation provision of RSA 507:7-e, III as an exception to a more general rule of several liability. We disagree.

In construing a statute, we begin our analysis by looking at the plain meaning of the words of the statute, which must be determined in light of the statute as a whole. *Appeal of Mascoma Valley Reg. School Dist.*, 141 N.H. 98, 100 (1996). We are then better able to understand the statutory language "in light of the policy sought to be advanced by the entire statutory scheme." *Id.*

RSA 507:7-e, I (b) (1997) requires that in all actions, the court shall:

> Enter judgment against each party liable on the basis of the rules of joint and several liability, *except that if any party shall be less than 50 percent at fault, then that party's liability shall be several and not joint and he shall be liable only for the damages attributable to him.*

(Emphasis added). In this case, it is undisputed that Colby's was found to be less than fifty percent at fault. Therefore, the plain language of the

statute dictates that Colby's should be liable only for its portion of the damages.

■The plaintiffs argue that RSA 507:7-e, III is intended to be an exception to the several liability provision in RSA 507:7-e, I(b) and is applicable in reallocation actions by plaintiffs. RSA 507:7-e, III states:

> *For purposes of contribution* under RSA 507:7-f and RSA 507:7-g, the court shall also determine each defendant's proportionate share of the obligation to each claimant in accordance with the verdict and subject to any reduction under RSA 507:7-i. Upon motion filed not later than 60 days after final judgment is entered, the court shall determine whether all or part of a defendant's proportionate share of the obligation is uncollectible from that defendant *and shall reallocate any uncollectible amount among the other defendants according to their proportionate shares*. The party whose liability is reallocated is nonetheless subject to contribution and to any continuing liability to the claimant on the judgment.

(Emphasis added). The plaintiffs argue that the process outlined in RSA 507:7-e, III is available for use by plaintiffs in reallocation actions. The first sentence of RSA 507:7-e, III makes it clear that the section applies only to contribution among defendants. This is further highlighted by the section's references to RSA 507:7-f (1997) and RSA 507:7-g (1997). RSA 507:7-f is entitled "Right of Contribution Among Tortfeasors" and RSA 507:7-g is entitled "Enforcement of Contribution." Thus, RSA 507:7-e, III references only two other statutory sections, both of which involve rights of contribution among defendants and contain language inapplicable to plaintiffs.

The fact that RSA 507:7-e, III was enacted prior to RSA 507:7-e, I(b) is evidence that RSA 507:7-e, III is not intended as an exception to the provisions of RSA 507:7-e, I(b). When RSA 507:7-e was originally enacted in 1986, RSA 507:7-e, I, provided only for joint and several liability of defendants, and RSA 507:7-e, III existed as it is currently drafted. As the statute was first enacted, a plaintiff could recover the entire judgment from any one defendant. Under the statutory scheme as originally enacted, "RSA 507:7-e to -h establish a system for contribution *because* judgments will be entered based on the rules of joint and several liability." *Jaswell Drill Corp. v. General Motors Corp.*, 129 N.H. 341, 344 (1987) (emphasis added). Thus, because the statute provided for joint and several liability for all defendants, provisions were necessary to enable defendants to obtain contribution from one another. Those provisions, RSA 507:7-e to -h

(1997), were clearly not intended as further remedies for plaintiffs, because plaintiffs could already recover their entire judgment from any one defendant.

RSA 507:7-e, I(b) was amended in 1989. The amendment limited the liability of a defendant found to be less than fifty percent at fault to several liability. RSA 507:7-e, I(b). The plaintiffs argue that the trial court's finding that RSA 507:7-e, III applies only in contribution actions among defendants creates a contradiction between provisions, nullifies the purpose of the statute, and leads to unjust and illogical results. *See Nault v. N & L Dev. Co.*, 146 N.H. 35, 38 (2001). It is the plaintiffs' reading of the statute, however, that creates a contradiction. The purpose of the 1989 amendment to RSA 507:7-e, I(b) is to protect minimally liable defendants. Under the plaintiffs' interpretation of the two provisions, RSA 507:7-e, III would often nullify the several liability language of RSA 507:7-e, I(b) by forcing defendants who are less than fifty percent liable to pay damages that were uncollectible from other defendants. Therefore, the plaintiffs' reading of the statute would reintroduce joint liability for defendants who are less than fifty percent liable, which was the very liability the 1989 amendment to the statute intended to eliminate.

Additionally, while both RSA 507:7-e, I(c) and RSA 507:7-e, IV contain explicit exceptions to RSA 507:7-e, I(b), nowhere within RSA 507:7-e, III is there any language establishing such an exception. If the legislature had intended RSA 507:7-e, III to apply to plaintiffs, it could have amended the section. Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. *Appeal of Public Serv. Co. of N.H.*, 141 N.H. 13, 17 (1996).

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred.