Carroll
No. 2002-782

ESTATE OF MARGARET P. LUNT

v.

GREGORY A. GAYLOR & a.

Submitted: July 22, 2003
Opinion Issued: October 1, 2003

*Law Office of David H. Bownes, P.C.*, of Laconia (*David H. Bownes* on the brief), for the plaintiff.

*Gregory Alan Gaylor*, by brief, *pro se*.

BRODERICK, J. Defendant Gregory A. Gaylor appeals the order of the Superior Court (*T. Nadeau*, J.) denying his motion to dismiss a petition brought by Margaret P. Lunt. We reverse and remand.

The relevant facts follow. In 1994, Lunt brought a petition to rescind a deed, which conveyed a Moultonborough parcel to defendant Tejas Timber Resources (TTR), a Texas joint venture of which Gaylor is a general partner, and to award damages for Gaylor's alleged negligence and breach of fiduciary duty. Lunt also sought a prejudgment attachment on the Moultonborough property. Lunt served the petition on the out-of-state defendants by leaving a copy of it with the New Hampshire Secretary of State.

In November 1994, the Moultonborough property was attached. Lunt moved for a default judgment in July 1995, which the court granted in August 1995. In her motion, she asserted that the petition had been "duly served" upon the defendants and that she had filed orders of notice and proof of service with the court. In October 1995, following a hearing on damages, the court vacated the deed of the Moultonborough property to TTR and awarded Lunt over $2 million in damages.

On May 30, 2002, after receiving correspondence from Gaylor questioning the original service and following some investigation, Lunt's

attorney informed the court that service of the petition was defective. Although counsel indicated that in addition to service on the New Hampshire Secretary of State, service had also been made by forwarding registered mail to the defendants, he had no record of the registered mail service and had not filed the return receipts for this service with the court. *See* RSA 510:4, II (1997). On June 24, 2002, Gaylor moved to dismiss Lunt's petition and to vacate the default judgment on the ground that the court lacked personal jurisdiction because of the defective service. On July 19, 2002, Gaylor also filed a special appearance to represent himself to challenge only the court's personal jurisdiction. Following a hearing, the court concluded that service was defective. *See id.* Accordingly, the court vacated the 1995 default judgment. The court did not dismiss the petition, however, ruling that "[s]ince the defendant has appeared, no further service of process is required."

■ On appeal, Gaylor argues that the court erroneously failed to dismiss the petition for lack of personal jurisdiction. We agree. "Proper service of process is a necessary prerequisite to obtaining jurisdiction over an out-of-state defendant." *South Down Recreation Assoc. v. Moran,* 141 N.H. 484, 486 (1996). Proper service is "separate from the due process requirement that the defendant have minimum contacts with the jurisdiction." *Id.* at 487. We consistently require strict compliance with statutory requirements for service of process. *See id.* Because, as the trial court aptly found, the out-of-state defendants were never properly served, the court never obtained personal jurisdiction over them. *See id.* at 489. Accordingly, in addition to vacating the default judgment, the trial court should have dismissed the petition.

■ The plaintiff, Margaret P. Lunt's estate, argues that Gaylor voluntarily submitted himself to the court's jurisdiction when he filed his motion to vacate the default judgment on jurisdictional grounds. It is well settled, however, that a motion to vacate on jurisdictional grounds is insufficient to confer jurisdiction over the person of the movant. *See Lyford v. Academy,* 97 N.H. 167 (1951); *see also Merrill v. Houghton,* 51 N.H. 61 (1871) (appearance confers jurisdiction unless it was for sole purpose of objecting to authority of court to proceed). The plaintiff mistakenly relies upon *Barton v. Hayes,* 141 N.H. 118, 120 (1996). In *Barton,* the motion to strike the default judgment "conceded liability." *Id.* By addressing the merits, the defendant in *Barton* waived any objection to personal jurisdiction. *See id.* By contrast, in this case, the motion to strike the default judgment was based solely upon defective service. Thus, it was

neither a general appearance nor a waiver of objections to personal jurisdiction.

*Reversed and remanded.*

BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.