# United States Court of Appeals
## For the First Circuit

No. 04-1027

M & K WELDING, INC.,

Plaintiff, Appellant,

v.

LEASING PARTNERS, LLC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior District Judge,
and Lipez, Circuit Judge.

Lisa A. Wellman-Ally with whom Law Offices of Wm. Howard Dunn, P.C. was on brief for appellant.
Frank P. Spinella, Jr. with whom Hall, Morse, Anderson, Miller & Spinella, P.C. was on brief for appellee.

October 22, 2004

**COFFIN, Senior Circuit Judge**.  This appeal requires us to monitor what Judge John Brown, writing for us, termed "the heart of a federal court's ability to practice its trade, namely personal jurisdiction." Hugel v. McNell, 886 F.2d 1, 2 (1st Cir. 1989).  It is also the heart of a state court's legitimization, and in this case it is New Hampshire law that governs.  In this case, the district court vacated a default judgment for appellant for lack of personal jurisdiction because of defective service of process. Having carefully examined the law and the facts, we conclude that the jurisdictional requirements were not met and consequently affirm judgment for defendant-appellee.

The litigation arises out of plaintiff-appellant M & K Welding, Inc.'s (M & K) unhappiness with a welding robot and related equipment it acquired under a lease and purchase agreement with appellee Leasing Partners, LLC (a middle man facilitator of leasing opportunities) and Robot Man, Inc. (the seller).  M & K brought suit in New Hampshire state court against these and other defendants for breach of warranty and other state claims.[1]  Service of process was made under the authority of the New Hampshire long-arm statute, N.H. Rev. Stat. Ann. § 510:4.  There being diversity jurisdiction, defendants other than Leasing Partners removed the

---

[1] This appeal concerns jurisdiction over Leasing Partners, and it consequently is the only appellee.

case to the federal district court for the District of New Hampshire.

This appeal was triggered by Leasing Partners' failure to respond to the complaint. A default was declared on November 20, 2002, and on May 9, 2003 judgment was entered for the total of the monthly payments and transportation expenditures made by M & K, $15,265.31. Leasing Partners claimed to have no knowledge of the default judgment until it received a letter sent on July 2, 2003 by its assignee, M & T, notifying it of the judgment and its indemnity liability to M & T. Leasing Partners moved to vacate the default judgment as void because of defects in the service of process.[2]

## I. Background

The applicable jurisdictional provision, N.H. Rev. Stat. Ann. § 510:4 states, in relevant part:

> II. SERVICE OF PROCESS ON SECRETARY OF STATE. Service of process upon any person who is subject to the jurisdiction of this state, as provided in this section, may be made by leaving a copy thereof, with a fee of $10, in the hands or office of the secretary of state. Such service shall be of the same legal force and effect as if served on the defendant at his abode or place of business in the state or country where he resides and according to the law of that state or country, provided that notice thereof and a copy of the process is forthwith sent by registered mail, postage prepaid, by the plaintiff or his attorney to the defendant at his last known abode or

---

[2] Although Leasing Partners did not explicitly invoke Fed. R. Civ. P. 60(b)(4), we treat that provision, which allows relief from a final judgment that is "void," as applicable. Leasing Partners did alternatively invoke subsection (1) of Rule 60(b), which provides relief based on "mistake, inadvertence, surprise, or excusable neglect."

place of business in the state or country in which the defendant resides. The defendant's return receipt and an affidavit of the plaintiff or his attorney of compliance with the section shall be appended to the process and entered therewith. In the event that the notice and a copy of the process are not delivered to or accepted by the defendant, the court may order such additional notice, if any, as justice may require.

To comply with the service of process requirements, M & K took two steps on September 5, 2002. It sent copies of the summons and complaint to the Merrimack County Sheriff for service on the Secretary of State. And it sent another copy of the documents by registered mail to the address used by Leasing Partners in the lease-purchase agreement: 10000 Sagemore Drive, Suite 10103, Marlton, New Jersey 08053. In the letter to Leasing Partners, M & K's representative wrote: "I have this day forwarded copies of the Writ of Summons and Complaint to the Merrimack County Sheriff for service upon the New Hampshire Secretary of State, as required by statute."[3]

The deputy sheriff's return indicated that service on the Secretary was made on September 12, 2002. At Leasing Partners' office, the return receipt for the registered mail had been signed on September 5 by a Mary Devlin, without a check mark in either a box for "agent" or one for "addressee." It has subsequently been

---

[3] Appellant presents this information in its brief, noting that this letter was not part of the record below because M & K had not known service on the Secretary of State would be an issue. We see no reason not to take note of it, which gives a precise explanation of what happened.

revealed that Mary Devlin was an employee of another company, Horizon-Keystone Financial, the managing partner of Leasing Partners; that she was not authorized to accept registered mail or process on behalf of M & K; that several other enterprises shared occupancy in the suite; that Leasing Partners at the time was in the process of winding up operations, with its effects packed in boxes; and that, although numerous letters had been sent to it at this address by appellant and others, no responses were forthcoming.

Finally, on September 9, 2002, the attorney for M & K submitted her affidavit of compliance, averring that she had "followed every requirement set forth in R.S.A. 510:4."

The district court noted that, although service was made on the Secretary of State on September 12, 2002, no subsequent notice of such service was given to Leasing Partners. It also commented on the employment status of Mary Devlin, her lack of authority to act for Leasing Partners, and the absence of any request by M & K for an additional means of notice. It therefore found that service had been defective in two ways: M & K did not provide proper notice of service on the Secretary of State and it likewise failed to properly serve the summons and complaint on the defendant itself. The court did not reach a third issue raised in Leasing Partners' motion to vacate – the possibility of relief under Fed. R. Civ. P. 60(b)(1).

On appeal, M & K asserts that notice was properly given in both respects. It points out that Leasing Partners was served at its last known address, as required by the statute, and that notice of the filing with the Secretary was adequate even though it occurred before the actual delivery of the documents to the Secretary.

## II. Analysis

Before approaching the question of jurisdiction over the person, we refer briefly to the question of our own appellate jurisdiction, which we have put to the parties. What had concerned us was whether, since the action appealed from was the setting aside of a judgment, this was really a "final" decision as required by 28 U.S.C. § 1291. Precedents applicable to the denial of a Rule 60(b) motion might not be pertinent to the granting of such a motion. See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994-95 (10th Cir. 1996). On further reflection, we are satisfied that the actions taken by the district court and the parties do constitute sufficient finality. The court, noting that M & K had (along with others) filed a stipulation of dismissal with prejudice, ruled, "Therefore, the case is closed based on the parties' stipulations." At oral argument, counsel for M & K confirmed this fact. We therefore have no hesitation in treating this as a final judgment. See United States v. Hoyts Cinemas Corp., 380 F.3d 558, 564 (1st Cir. 2004).

Coming to our main question, the governing principles are that a default judgment issued without jurisdiction over a defendant is void, that it remains vulnerable to being vacated at any time, and that such jurisdiction depends on the proper service of process or the waiver of any defect. Precision Etchings & Findings v. LGP Gem Ltd., 953 F.2d 21, 23 (1st Cir. 1992). We and the parties agree that New Hampshire law sets the standard for determining the adequacy of the service of process and, therefore, jurisdiction. And we are also mindful that we are not determining whether what was done meets the requirements of the federal Constitution; we are measuring what was done against the requirements of a specific state statute.

In view of our ultimate conclusion that the essential notice of service on the Secretary of State was defective, there is no necessity to address the sufficiency of notice to defendant sent by registered mail. We do not intimate that the district court was in error in its ruling on this issue. But we are reluctant to fault appellant for using the address chosen by Leasing Partners in executing the lease-purchase agreement. We do not feel confident that, on the facts of this case, New Hampshire courts would hold such service unavailing.

Our standard of review is clear. Although orders on some Rule 60(b) motions, such as those asserting mistake or excusable neglect under subsection(b)(1), ordinarily are reviewable only for abuse of

discretion, a decision whether or not a judgment is void under 60(b)(4) allows no room for discretion. The review is de novo. Honneus v. Donovan, 691 F.2d 1, 2 (1st Cir. 1982); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2862, at 322-23 (2d ed. 1995).

Our interpretive guideline is equally clear. The most prominent recent authority, South Down Recreation Ass'n v. Moran, 141 N.H. 484, 686 A.2d 314 (1996), is particularly pertinent in that it underscores the importance of service on the Secretary of State, where the long-arm statute requires it. In that case, out-of-state defendants were served in their home community by a sheriff of that state. They did not appear and were defaulted. In the course of the New Hampshire proceeding, the trial court sua sponte brought up the issue of personal jurisdiction and ruled that "'nonresident defendants must be served by service on the Secretary of State. . . . If that is unsuccessful, application may be made to the court for alternative service.'" 141 N.H. at 485, 686 A.2d at 315.

The New Hampshire Supreme Court, after stating that it required "strict compliance with statutory requirements for service of process," 141 N.H. at 487, 686 A.2d at 316, observed that section 510:4, II specified that service by registered mail and on the Secretary of State had the same effect as if a defendant had been served at his abode, but noted that the statute did not

authorize out-of-state personal service.  <u>See</u> 141 N.H. at 488-89, 686 A.2d at 317.  The only alternative method that the court recognized was a request to the superior court to order additional notice.  <u>See</u> 141 N.H. at 489, 686 A.2d at 317.  It therefore affirmed the dismissal of the action even though defendant had been served a copy of the writ by a sheriff in another state.

More recently, the court, citing only <u>South Down</u>, reversed a trial court ruling that had vacated a deed conveying timber land to an out-of-state enterprise and had awarded a New Hampshire plaintiff over $2 million in damages.  <u>See</u> <u>Lunt</u> v. <u>Gaylor</u>, 150 N.H. 96, 834 A.2d 367 (2003).  It did so, notwithstanding that service on the Secretary of State had been made and that registered mail, according to counsel, had been sent to defendants, because there was no record of the registered mail service and return receipts of such service on file with the court.  150 N.H. at 96, 834 A.2d at 368.

Perhaps a case shedding light through an analogous problem is helpful.  In <u>Adams</u> v. <u>Sullivan</u>, 110 N.H. 101, 261 A.2d 273 (1970), the brother-in-law of a defendant accommodated a deputy sheriff by leaving a copy of the summons and complaint at defendant's home.  Even though the statute did not specify the manner in which "leaving at his abode" should be interpreted, the court deemed that, considered with other provisions, the writ is in reality addressed to the sheriff.  <u>See</u> 101 N.H. at 103-04, 261 A.2d at 275.

The court affirmed dismissal of the suit on the ground that, though actual notice was received, service was not executed by a deputy sheriff. To us, this rather modest distinction on the question of who can execute service renders it likely that a New Hampshire court would take literally the requirement in section 510:4, II that notice be given of the actual service on the Secretary of State rather than the commencement of, or some preliminary stage of, the process of serving.

Appellant, accepting the indispensability of service on the Secretary of State and the standard of strict compliance, stoutly maintains that all statutory requirements were fully met. It contends that nothing in the statutory language requires service on the Secretary before notice is given a defendant. It argues that, had the legislature intended service to precede notice, it would have required the notice to contain "proof" of service.

We are unable to accept this line of argument, both because the wording of the statute does not permit it, and because of the mischief that an open-ended interpretation would produce. To consider the statutory language first, the statute proclaims the effect of "service," defined as leaving a copy plus fee of $10 in the office of the Secretary, as having the same effect as if "served on the defendant at his abode . . . ." This is immediately followed by the proviso, "provided that notice thereof . . . is forthwith sent . . . to the defendant . . . ." This can mean only

notice of the referent of "thereof," which is "service" – not intention to make service, expectation that service will take place, or commencement of action hopefully leading to service. Here, notice was given of a preliminary step to service on the Secretary, i.e., sending the documents to a county sheriff for eventual service. No mention was made of payment of the $10 fee, a necessary prerequisite to successful service.

Moreover, "forthwith," without any definite starting point, loses all significance. In the case at bar, the time referenced could have varied widely. As it happened, appellant maintains that it meant that a copy of the process was properly sent immediately after its letter requesting service was sent to a sheriff on September 5. But if actual service had been the triggering event, "forthwith" would mean that a copy of the process would have been sent at least a week later.

In considering the impact of an interpretation of section 510:4, II that would stretch the meaning of "notice thereof" to include notice of actions and stages short of completed service, we observe that we are entering a mine field, that of court procedures where certainty, uniformity, and clarity are prime prerequisites for fair, stable, and orderly management of cases. There are specific land mines that could be activated by the permissive interpretation urged by appellant.

-11-

Appellant has included in its Appendix the summons of an amended complaint in this case, correcting the name of one of the defendants. This contains a standard warning that failure to answer the complaint being served within twenty days will result in judgment of default "for the relief demanded in the complaint." Appellant's interpretation would give rise to many questions. From what time do the twenty or so days run? If only from the time of service on the Secretary, how will a defendant know? If a defendant fears that the starting date is that of his receipt of the summons, and it happens that the Secretary is never served, is this a tolerable procedure? Any actions taken by defendant to respond would have proven needless.

If papers are lost, if fee advances are not promptly made, if, for any reason, there are extreme delays or difficulties in completing service on the Secretary, the available course for a plaintiff is to request the superior court for "such additional notice as the case requires." South Down, 141 N.H. at 489, 686 A.2d at 317. The question arises, if "service" includes "being served," at what point should a delayed service on the Secretary require resort to an effort to obtain additional notice? How would a valid service be distinguished from a defective one? Would there be mini-trials on such issues?

Finally, for cases such as this, which are removed to federal court, will there be confusion and disputes about the running of

-12-

time within which notices of removal can be filed?  These and possibly other questions underscore the time honored insistence on precision in adhering to prescribed statutory methods of initiating legal actions.

We therefore conclude that the failure to have effected service on the Secretary of State prior to sending notice to defendant-appellee constitutes a defect fatal to both service and personal jurisdiction.

Affirmed.