UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Optical Solutions, Inc.

    v.                                  Civil No. 17-cv-429-JL
                                                 Opinion No. 2018 DNH 029

Nanometrics, Inc.

## ORDER ON MOTION TO REMAND

The question before the court is when the 30-day period to seek removal under 28 U.S.C. § 1446(b) commences. Is it when, pursuant to New Hampshire's long arm statute, a plaintiff serves a copy of the summons and Complaint on the Secretary of State (after first sending the defendant a "courtesy copy,")? Or is it when a defendant received the summons and complaint from the Secretary of State?

After filing its Complaint in New Hampshire Superior Court on August 2, 2017, plaintiff Optical Solutions, Inc. ("OSI") sent a copy of the Complaint and summons to defendant Nanometrics' general counsel, which was received on August 4. On August 8, OSI, via the Merrimack County Sheriff, served the Complaint upon the Secretary of State. On August 14, OSI mailed a copy of the Complaint, summons, and affidavit of service upon the Secretary of State to Nanometrics' headquarters in California by registered mail. Nanometrics received those

documents on August 18, 2017, and removed the suit to this court on September 18, 2017.  OSI moved to remand, arguing that the removal window closed on September 8, 2017, 30 days after the Secretary of State was served.  Nanometrics asserts that the clock did not begin to run until August 18, when it received the suit papers after the Secretary was served.  After reviewing the parties' submissions and conducting oral argument, the court finds that removal was timely and therefore denies plaintiff's motion to remand.

## I.   Applicable legal standard

The federal statute governing removal of actions from state court, provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  "The defendant seeking removal bears the burden of establishing that the defendant has complied with the removal procedures."  16 James Wm. Moore, Moore's Federal Practice § 107.11[3], at 107–46 (3d ed. 2010); see also Santa Rosa Med. Ctr., Inc. v. Converse of P.R., Inc., 706 F. Supp. 111, 114 (D.P.R. 1988) ("The petitioning defendant bears the

burden of establishing compliance with the requirements of the removal statute . . . .").

## II.  **Factual background**

As a result of a business dispute, OSI filed a complaint against Nanometrics in New Hampshire Superior Court on August 2, 2017.[1]  The following day, counsel for OSI sent Nanometrics' general counsel a letter with copies of the state court Complaint and summons, for the purpose of giving Nanometrics "one last chance" to settle the parties' dispute.[2]

On August 8, 2017, a Merrimack County Sheriff served OSI's Complaint and summons on the New Hampshire Secretary of State, pursuant to New Hampshire's long-arm statute, N.H. Rev. Stat. Ann. § 508:4.[3]  OSI mailed a copy of the Complaint, summons and affidavit of service on the Secretary of State to Nanometrics' California headquarters and Delaware registered agent on August

---

[1] Complaint, doc. no. 1-1.

[2] Pltff. Mem., doc. no. 9-1, at 1-2; Def. Obj., doc. no. 13, at 2.

[3] Pltff. Mem., doc. no. 9-1, at 2.

14, 2017.[4]  Nanometrics received the documents on August 18, 2017.[5]

Invoking this court's diversity jurisdiction, Nanometrics removed the case on September 18, 2017.[6]  Shortly thereafter, Nanometrics moved to dismiss the Complaint, arguing that it was not subject to personal jurisdiction in New Hampshire and that OSI failed to state a claim for relief.[7]  Nanometrics also moved for a change of venue.

OSI moved to remand, arguing only that Nanometrics' removal was untimely because its statutory 30-day removal clock began running on August 8, 2017, when the Merrimack County Sheriff served the New Hampshire Secretary of State.[8]  See 28 U.S.C. § 1446(b).

## III. Analysis

"[A] defendant's statutory period to remove does not begin to run . . . until the defendant has been served."  Novak v.

---

[4] Id. at 2.

[5] Id.  Earlier that day, OSI counsel confirmed to Nanometrics' counsel that the August 3, 2017 mailing was not intended to constitute service.  Def. Obj., doc. no. 13, at 2-3.

[6] Notice of Removal, doc. no. 1.

[7] Doc. nos. 5, 6.

[8] Doc. no. 9.

4

Bank of New York Mellon Trust Co., NA, 783 F.3d 910, 911 (1st Cir. 2015) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)). OSI served Nanometrics through New Hampshire's long-arm statute, N.H. Rev. Stat. Ann. § 510:4. "Strict compliance" with the statute's provisions is required to effect service. Impact Foods Sales, Inc. v. Evans, 160 N.H. 386, 391 (2010). The question for the court is when service occurred for purposes of the federal removal statute.

New Hampshire's long-arm statute provides that service "may be made by leaving a copy" of the summons and complaint with the Secretary of State. N.H. Rev. Stat. Ann. § 510:4, II. While such service "is of the same legal force and effect as if served on the defendant," id., such effect is predicated on a subsequent proviso clause,[9] which requires: 1) notice of that service to the defendant; and 2) proof provided to the court of the defendant's receipt of the service. Id.

OSI argues that the "date of service" for purposes of calculating the removal period is the date the Secretary is

_____

[9] A proviso is a condition on "the principal matter that it qualifies--almost always the matter immediately preceding." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 154 (Thompson/West 2012).

served, and that the proviso clause does not operate to make the service date dependent on those additional tasks, i.e., notice of service to the defendant and proof of the defendant's receipt to the court. Instead, OSI asserts that service on the Secretary of State, combined with Nanometrics actual notice -- obtained through the "courtesy copy" -- triggered the removal clock no later than August 8. OSI's reading of this statute is at odds with the conclusions of United States Supreme Court, the New Hampshire Supreme Court, and the First Circuit Court of Appeals. The court therefore rejects it.

In Murphy Bros., supra, the Court rejected the so-called "receipt rule" under which the removal period would begin to run when the defendant received a courtesy copy of the complaint prior to service of official process, pursuant to the "or otherwise" clause of the removal statute. 526 U.S. at 353-54. In describing the various permutations of service permitted under different state laws, the Court observed that "if the Complaint is filed in court prior to any service, the removal period runs from the service of the summons." 526 U.S. at 354. Otherwise, the Court noted, removal would be the "sole instance in which one's procedural rights slip away before service of a summons, i.e., before one is subject to any court's authority." Id. at 356.

6

Next, the New Hampshire Supreme Court shed light on the definition of "service" in Impact Foods, supra, holding that "in order to effect valid service of process" all three steps outlined in N.H. Rev. Stat. Ann. § 510:4 "must be taken." 160 N.H. at 391. The Court therefore vacated a default judgment entered when the notice to the defendant lacked notice of actual service on the Secretary of State, but included only a copy of the instructions given to a sheriff to serve the Secretary. Id. at 388-89.

In a case decided under New Hampshire law, our Court of Appeals presaged the result in Impact Foods. See M&K Welding v. Leasing Partners, LLC, 386 F.3d 361, 363-64 (1st Cir. 2004). The court accurately predicted that the New Hampshire Supreme Court "would take literally the requirement in section 510:4, II, that notice be given of the actual service on the Secretary of State" for service to be complete. Id. at 365-66. Although M&K Welding involved a default for failing to respond to a complaint, the Court provided a warning that is directly applicable to this case:

> Appellant's interpretation would give rise to many questions. From what time do the twenty or so days [to answer the Complaint] run? If only from the time of service on the Secretary, how will a defendant know? If a defendant fears that the starting date is that of his receipt of the summons, and it happens that the Secretary is never served, is this a tolerable

> procedure? Any actions taken by defendant to respond
> would have proven needless.

Id. at 366. And, most presciently, the Court concluded,
"Finally, for cases such as this, which are removed to federal
court, will there be confusion and disputes about the running of
time within which notices of removal can be filed?" Id. at 367.

With these guideposts in mind, the court finds that
Nanometrics' time to remove did not begin to run until it
received formal notice of service on the Secretary of State,
which the parties agree occurred on August 18, 2017. The notice
of removal is therefore timely. Other district courts in this
circuit have reached similar results in comparable
circumstances. See, e.g., Renaissance Mktg., Inc. v.
Monitronics Int'l Inc., 606 F. Supp. 2d, 201, 206 (D.P.R. 2009)
(collecting cases and observing that courts have "consistently
held" that service on a statutory agent does start the removal
clock running); Wilbert v. UNUM Life Ins. Co., 981 F. Supp. 61,
63 (D.R.I. 1997) ("[w]hen a statutory agent is served, the clock
for removal does not begin ticking as it would if the defendant
itself has been served but rather starts when the defendant
received actual notice of the service from the statutory
agent."); Colello v. Baker Material Handling Corp., 849 F. Supp.
3, 4 (D. Me. 1994) ("Courts in most, if not all, jurisdictions

have held that the thirty-day removal period does not commence with service on 'statutory agents.'").

OSI tries to elide the import of these cases by suggesting that its "courtesy copy" kept Nanometrics from being "in the dark" about the suit, as the court in M&K Welding had feared. But not only does Murphy Bros. suggest that the courtesy copy is a non-factor in the timeliness analysis, each of the cases cited above involved statutory service on the defendant, not simply receipt of a courtesy copy devoid of formal service. Indeed, OSI has cited no case where a court held that the removal period begins to run when service on an agent is preceded by a courtesy copy, but before the defendant has been formally served. OSI's motion to remand is therefore denied.[10]

---

[10] In its supplemental filing, doc. no. 17, Nanometrics argues that the court should not consider whether OSI complied with N.H. Rev. Stat Ann. § 510:4 because that statute pertains only to individuals. Instead, Nanometrics contends that the court should focus on the timeliness of its removal in the context of the corporate long-arm statute, N.H. Rev. Stat. Ann. § 293-A:15.10. In reply, doc. no. 19, OSI asks the court to reject this proposition. While Nanometrics correctly notes that Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995) and cases from this district have observed that the latter statute is appropriate for corporate defendants, they are not dispositive here. In each of the cited cases, the issue in dispute was personal jurisdiction over a non-resident defendant, an issue not presently before the court. Moreover, the corporate long-arm statute explicitly states that it is not "the only means, or necessarily the required means, of service on a foreign corporation." N.H. Rev. Stat. Ann. § 293-A:15.10(d).

9

## IV.   Conclusion

Having concluded that Nanometrics removal was timely, OSI's motion to remand[11] is DENIED.[12]

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated:  February 8, 2018

cc:   Matthew R. Johnson, Esq.
      Gregory L. Silverman, Esq.
      Kathleen Goodhart, Esq.

_____

Regardless, having found that removal was timely under section 510:4, the court need not address Nanometrics's argument that it was also timely under § 293-A:15.10.

[11] Doc. no. 9.

[12] Having found that Nanometrics's removal period did not commence until it received notice on August 18, 2017, the court need not decide the potential legal effect, if any, of OSI's counsel's statement regarding the courtesy copy, supra, n.5. Nor does the court address Nanometrics's argument that the removal clock did not begin to run until August 31, 2017, when OSI informed the state court that proof of service on the Secretary of State had been delivered to OSI, the final requirement of N.H. Rev. Stat. Ann. § 510:4.

10