Hillsborough, } No. 3993
Jan. 2, 1951. }

IRENE BISSONNETTE *v.* ALPINE, INC.

CONRAD BISSONNETTE *v.* SAME.

*Philip J. Biron*, for the plaintiffs.

*Chester C. Eaton* and *James A. Manning* (*Mr. Manning* orally), for the defendant.

LAMPRON, J. The issue to be determined is whether there was proper service on the defendant of the writs in these actions. R. L., *c.* 387, *s.* 13, provides that "service of writs against . . . corporations may be made upon the clerk, treasurer, cashier, or one of the directors, trustees or managers, if any in the state. . . . " The sheriff's return here recites that these writs were served on A. Metivier, president. This return does not show a compliance with the requirements of the above statute and unless it can be supplemented or modified the service would be defective. Where a statute points out a particular method of serving process on corporations such method must be followed and the sheriff's return should show the doing of everything necessary to constitute a compliance with its requirements. *Fitz-Simmons* v. *International Ass'n of Machinists*, 125 Conn. 490; 19 C. J. S. 993; 42 Am. Jur. 93; 9 Fletcher, Corporations (Perm. *ed.*) 208, 265; See *Dinnin* v. *Hutchins*, 75 N. H. 470.

"It is not the return, however, but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served." *Bourgeious* v. *Santa Fe Trail Stages*, 43 N. Mex. 453, 456; *Burleigh* v. *Leun*, 83 N. H. 115. The essential factor therefore is that service be in fact made in compliance with the requirements of the statute.

At the time of the service of these writs on him, A. Metivier was actually a director of the defendant corporation, an officer on whom service could properly be made under the provisions of R. L., *c.* 387, *s.* 13. Service was in fact made on him. The sheriff's return of service on A. Metivier supplemented by the Court's finding that A. Metivier was at that time a director of the defendant corporation shows a proper service of these writs on the defendant. *Lucky Boy Min. &c. Co.* v. *Moore*, 23 Ariz. 291; *Lamb-McAshan Co.* v. *Ellis*, 270 S. W. 547; *Ellis* v. *Lamb-McAshan Co.*, 278 S. W. 858. See *Mathes* v. *Bank*, 62 N. H. 491.

The sheriff's return may be amended in the Superior Court to accord with the facts. *Goodwin* v. *Goldberg*, 85 N. H. 548.

*Exceptions overruled.*

All concurred.