Rockingham,
No. 5204.

ELEANOR C. DUNCAN & a.

*v.*

ROBERT L. McDONOUGH.

Submitted February 5, 1964.
Decided March 31, 1964.

*Fisher, Parsons, Moran & Temple* for the plaintiffs.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* for the defendant.

LAMPRON, J. RSA 510:2 provides that "all writs and other processes shall be served by giving to the defendant or leaving at his abode an attested copy thereof, except in cases otherwise provided for." These provisions are mandatory. *Rogers* v. *Buchanan*, 58 N. H. 47. The sheriff's return of *non est inventus* attests to the fact that there was no service made on the defendant in accordance with the mandates of the above statute either in person or at his abode. *Clark* v. *Bradstreet*, 99 N. H. 55, 57.

Absent such service, jurisdiction over the defendant on the basis of his domicile or residence in this state cannot be obtained by other process without a statute granting such authority. Restatement (Second), Conflict of Laws, *s. 79, comment* b (Tent. Draft No. 3, 1956). Such a statute in order to comply with the requirements of due process would have to provide for "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Schroeder* v. *New York*, 371 U. S. 208, 211; *Milliken* v. *Meyer*, 311 U. S. 457; 73 Harv. L. Rev. 909, 917.

We find no statute which grants judicial jurisdiction to our courts over an inhabitant, resident or domiciliary of this state who cannot be served in accordance with the provisions of RSA 510:2 by service on his liability insurance carrier at its place of business in New Hampshire.

Plaintiffs rely also on RSA 510:8 which reads as follows: "OTHER NOTICE. When the defendant is not an inhabitant of the state, and no mode of serving the writ is prescribed, or service thereof cannot be made in the mode prescribed, the action may be entered in court and such notice ordered as the case requires; and notice of the pendency of the suit, given according to the order, shall be sufficient service." This statute in substantially the same language was first enacted in 1852. Laws 1852, *c. 1297.* It was then the law that, except where conditions of the status of one of its citizens towards a nonresident was involved or the property of a nonresident situated in this state had been attached and rights therein were to be adjudicated, no jurisdiction could be obtained to render a personal judgment against a

nonresident unless personal service had been made on him in New Hampshire. *Downer* v. *Shaw*, 22 N. H. 277; *Eaton* v. *Badger*, 33 N. H. 228; *Pennoyer* v. *Neff*, 95 U. S. 714; Restatement (Second), Conflict of Laws, *s.* 78, *comment* a (Tent. Draft No. 3; 1956); 73 Harv. L. Rev., 909, 966, 980. Later cases have been decided on the same basis. *Maryland Casualty Co.* v. *Martin*, 88 N. H. 346, 347; *Clark* v. *Bradstreet*, 99 N. H. 55, 57; *Rosenblum* v. *Company*, 99 N. H. 267, 269, 270; *Sampson* v. *Conlon*, 100 N. H. 70. See *Parsons &c. Lumber Co.* v. *Southwick*, 101 N. H. 258, 259.

We are familiar with the change in the rule as to state jurisdiction over foreign corporations promulgated by the United States Supreme Court in *International Shoe Co.* v. *State of Washington*, 326 U. S. 310, 316, 317. For the former doctrines of consent and presence in a state as the basis for jurisdiction over foreign corporations, this case substituted "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.* v. *State of Washington, supra,* 316. The extent to which this change from emphasis on territorial limitations of state courts to emphasis on the contacts approach in defining due process will be applied to nonresident individuals is still in a state of flux. *Benson* v. *Brattleboro Retreat*, 103 N. H. 28, 30; *McGee* v. *International Life Ins.* Co., 355 U. S. 220, 222, 223; *Hanson* v. *Denckla*, 357 U. S. 235, 250-253; 73 Harv. L. Rev. 909, 935.

We hold that service in this state on the liability insurance carrier of a nonresident whose car was registered here was not intended when RSA 510:8 was adopted and does not now in the light of the change in the requirements of due process constitute sufficient service to grant to our courts jurisdiction in an action of tort brought by residents of Maine resulting from an accident which occurred in Massachusetts. See Annot. U. S. Sup. Ct. 2 L. ed. 2d 1664; 16 U. Chi. L. Rev. 523.

Plaintiffs claim that the defendant has waived his right to contest jurisdiction by filing on April 4, 1963, motions to dismiss because plaintiffs were not prosecuting their appeals to the granting of defendant's motions to quash on September 6, 1960 and that the plaintiffs had brought other actions for the same cause in another jurisdiction. They further allege such a waiver by defendant's responding to a motion for discovery filed by the plaintiffs seeking to determine the whereabouts of the defendant.

All of these actions by the defendant pertained to the jurisdictional issue and were in pursuance thereof. They did not relate to other issues and could not constitute a waiver of the defendant's claim of no jurisdiction which had already been upheld by the Trial Court. *Lyford* v. *Academy*, 97 N. H. 167; *Rosenblum* v. *Company*, 99 N. H. 267, 268.

*Exceptions overruled.*

All concurred.