Rockingham
No. 2006-548

STEVEN NAULT

v.

MICHELLE TIRADO

Argued: April 17, 2007
Opinion Issued: May 15, 2007

*MacMillan Law Offices*, of Bradford, Massachusetts (*Thomas K. MacMillan* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* and *Doreen F. Connor* on the brief, and *Mr. Burt* orally), for the defendant.

## MEMORANDUM OPINION

DALIANIS, J. The plaintiff, Steven Nault, appeals an order of the Superior Court (*Morrill*, J.) dismissing his writ of summons for failure to have properly served it on the defendant, Michelle Tirado. We affirm.

The parties were involved in an automobile accident in South Hampton on November 27, 2002. On November 23, 2005, a deputy sheriff attempted to perfect service of a writ alleging negligence in connection with the accident by leaving a copy of it at an address in Exeter listed in the 2002 accident report as the defendant's address.

The defendant moved to dismiss, arguing that service was defective because she no longer resided in Exeter. In support of the motion, she submitted an affidavit asserting that more than a year before January 13, 2006, she moved to Massachusetts in connection with her employment, and had not lived at the Exeter address since the move. She claimed she was made aware of the action by her counsel, who had learned of it because a courtesy copy of the writ had been sent to her insurer. Because the writ was neither served nor entered with the court prior to November 27, 2005, the defendant argued it was time-barred. *See* RSA 508:4, I (1997); SUPER. CT. R. 2.

To counter the motion, the plaintiff submitted a voter registration list for Exeter bearing the town clerk's stamp with a date of February 1, 2006, and identifying the Exeter address as the defendant's address. The plaintiff also submitted proof that the post office did not have a forwarding address for the defendant. The plaintiff argued that service was timely made at the defendant's last and usual place of address. The trial court granted the motion, and this appeal followed.

Strict compliance with the statutory requirements for service of process is required to provide the defendant with constitutionally sufficient notice of the action, and to vest the trial court with jurisdiction over the defendant. *See Estate of Lunt v. Gaylor,* 150 N.H. 96, 97 (2003); *Duncan v. McDonough,* 105 N.H. 308, 309 (1964). Service on a New Hampshire resident is accomplished by either giving a copy of the writ to the defendant within the state, or by "leaving [it] at his abode." RSA 510:2 (1997); *see South Down Recreation Assoc. v. Moran,* 141 N.H. 484, 489 (1996). Because both parties' arguments on appeal suggest that the unsustainable exercise of discretion standard applies, we review the trial court's finding that the Exeter address did not constitute the defendant's abode in accordance with this standard.

The plaintiff argues that the sheriff's return showing that service had been made at the defendant's "last and usual place of abode" was entitled to a presumption of correctness, and that the defendant's assertion, without more, that she had not resided there for more than a year was insufficient to overcome the presumption. The defendant counters that RSA 510:2 requires "abode" service to be made at a defendant's *present* place of residence, and that the unrefuted proof established that the defendant did not reside in Exeter at the time of the attempted service.

"The place of abode . . . is that designated by a person as his principal place of physical presence for the indefinite future to the exclusion of all others." RSA 21:6-a (2000). Construing the term "abode" in RSA 510:2 in this manner is consistent with the statute's overall purpose of affording the defendant constitutionally sufficient notice. *See Duncan,* 105 N.H. at 309.

 The issue critical to determining whether service has been properly perfected on an "abode," therefore, is "whether the place where the process is left is the place where the defendant has been living and to which he or she may be expected to return in sufficient time to become apprised of . . . the action and to prepare a response." 4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 14.03, at 302 (2d ed. 1997). While a sheriff's return of service is presumed to be correct, the presumption may be overcome by contrary proof. *See Adams v. Sullivan,* 110 N.H. 101, 103 (1970).

 In this case, the defendant adequately rebutted any presumption that may have arisen from the sheriff's return by offering proof that she had not resided at the Exeter address since some time prior to January 13, 2005. Contrary to the plaintiff's argument, the defendant was not required to further establish the location of her present abode. *Cf. Continental Biomass Indus. v. Env't Mach. Co.,* 152 N.H. 325, 327 (2005) (when challenged, plaintiff bears burden to establish personal jurisdiction).

Moreover, neither the presence of the defendant's name on a voter registration list, nor the absence of a forwarding address on record with the post office, compels a finding that the Exeter address is the defendant's abode. *See Gross v. Evert-Rosenberg*, 933 P.2d 439, 440 (Wash. Ct. App.), *review denied*, 943 P.2d 662 (Wash. 1997).

Finally, we reject the plaintiff's contention that the trial court should have conducted a full evidentiary hearing. Although the plaintiff requested a hearing in his objection to the motion to dismiss, the record contains no indication that he requested an evidentiary hearing, or set forth reasons in accordance with Superior Court Rule 58 why such a hearing would assist the trial court. *See* SUPER. CT. R. 58; *Provencher v. Buzzell-Plourde Assoc.*, 142 N.H. 848, 852 (1998).

*Affirmed.*

BRODERICK, C.J., and DUGGAN and GALWAY, JJ., concurred.