Rockingham
No. 2009-348

IMPACT FOOD SALES, INC.

v.

CARL EVANS d/b/a WAREHOUSE CLUB DISTRIBUTING COMPANY

Argued: November 4, 2009
Opinion Issued: June 16, 2010

*Law Offices of Thomas Morgan, P.C.*, of Salem (*Thomas Morgan* on the brief and orally), for the plaintiff.

*Ford & Weaver, P.A.*, of Portsmouth (*Christopher J. Somma* on the brief and orally), for the defendant.

BRODERICK, C.J. The defendant, Carl Evans d/b/a Warehouse Club Distributing Company (Evans), appeals an order of the Superior Court (*McHugh,* J.) denying his motions to vacate judgment and to dismiss. We reverse.

The following facts are contained in the record. The plaintiff, Impact Food Sales, Inc. (Impact Food), located in Salem, is in the business of buying wholesale lots of food products. On November 26, 2007, its attorney executed a writ of summons alleging that Evans accepted money from Impact Food for the purchase of goods that were not delivered. Evans is a resident of the State of Illinois.

On November 26, Impact Food's attorney sent a letter to the Merrimack County Sheriff enclosing a copy of the writ of summons, along with copies for service on the New Hampshire Secretary of State and a check for $10.00, pursuant to RSA 510:4 (1997). That day, Impact Food also sent a copy of the same letter by certified mail to Evans. The secretary of state was served on November 29, and the writ of summons and the affidavit of service from the sheriff were filed with the superior court on December 10.

On January 31, 2008, Impact Food filed a motion for entry of default, alleging that service on Evans had been completed "by having a copy of the writ served upon the NH Secretary of State and consistent with RSA 510:4 plaintiff mailed a copy of the writ to the defendant certified mail, return receipt requested." The motion further stated that:

> 4. Defendant appears to have been duly notified by the US Postal Service on at least two occasions and did not arrange to pick up copies of the certified mail.

5. In an effort to insure that the defendant was made fully aware of this law suit against him, counsel for plaintiff again mailed a copy of the writ of summons certified mail, return receipt requested.

6. Plaintiff's counsel has not yet received any response from the US Postal Service, however, attached hereto is plaintiff's counsel file copy of a letter mailed first class mail to the same address for the defendant as the certified mail on January 15, 2008 advising the defendant of the process that had been served upon the Secretary of State against him . . . .

7. This mail sent first class mail has not been returned by the US Postal Service despite counsel's use of a clearly addressed envelope with a clearly marked return address.

In an affidavit of mailing attached to the motion, Impact Food's attorney attested that he "served the Secretary of State in accordance with RSA 510:4 and immediately mailed a copy of the process with a copy of the attached cover letter certified mail . . . , however, the green post card return receipt requested was never received back from the postal service." The attached cover letter referenced in the affidavit states, "Enclosed please find Writ of Summons along with copies for service on the . . . Secretary of State."

On February 7, the trial court granted Impact Food's motion and a default judgment was entered against Evans on May 6. On March 20, 2009, Evans filed a motion to vacate judgment and motion to dismiss, stating that he was never served in accordance with the statutory requirements set forth in RSA 510:4 and thus the court lacked personal jurisdiction over him. In an affidavit attached to the motion, he attested that he "was never served with the Writ of Summons in this matter . . . [and] never signed a green card for any certified mail alleged to have been sent to Carl Evans doing business as Warehouse Club Distributing Company." He further attested that he "was notified of a judgment entered against [him] in New Hampshire when [he] received a Citation to Discover Assets in the Circuit Court for the Nineteenth Judicial Circuit — Lake County, Illinois that was issued on December 4, 2008." On April 23, the trial court denied the motion, ruling that "[a]dequate service has been made in this essentially theft of money by the defendant case." This appeal followed.

On appeal, Evans argues that the trial court improperly found that he was served in accordance with RSA 510:4 and erred in denying his motion to vacate judgment and motion to dismiss. He argues that Impact Food failed to follow the requirements of the statute and instead "attempted to

create its own service of process contrary to both New Hampshire Statute and existing case law." Impact Food responds that RSA 510:4 only requires that certified mail be sent to the defendant and that additional service is optional. Based upon case law from other states, Impact Food argues that when certified mail is unclaimed, notice by regular mail is adequate.

■ RSA 510:4 is this state's long-arm statute. *South Down Recreation Assoc. v. Moran*, 141 N.H. 484, 486 (1996). In order to obtain jurisdiction over an out-of-state defendant, proper service of process is required. *Id.* "Proper service is separate from the due process requirement that the defendant have minimum contacts with the jurisdiction." *Estate of Lunt v. Gaylor*, 150 N.H. 96, 97 (2003) (quotation omitted). The interpretation of a statute is a question of law, which we review *de novo. Carlisle v. Frisbie Mem. Hosp.*, 152 N.H. 762, 773 (2005).

Pursuant to RSA 510:4, I, "Any person who is not an inhabitant of this state and who . . . transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself . . . to the jurisdiction of the courts of this state . . . ." The method of service of process on persons subject to the jurisdiction of this state is set forth in RSA 510:4, II. The statute provides:

SERVICE OF PROCESS ON SECRETARY OF STATE. Service of process upon any person who is subject to the jurisdiction of this state, as provided in this section, may be made by leaving a copy thereof, with a fee of $10, in the hands or office of the secretary of state. Such service shall be of the same legal force and effect as if served on the defendant at his abode or place of business in the state or country where he resides and according to the law of that state or country, provided that notice thereof and a copy of the process is forthwith sent by registered mail, postage prepaid, by the plaintiff or his attorney to the defendant at his last known abode or place of business in the state or country in which the defendant resides. The defendant's return receipt and an affidavit of the plaintiff or his attorney of compliance with the section shall be appended to the process and entered there-with. In the event that the notice and a copy of the process are not delivered to or accepted by the defendant, the court may order such additional notice, if any, as justice may require.

We note that according to RSA 21:32-a (2000), the words "registered mail" when used in connection with the requirement for notice by mail "shall mean either registered mail or certified mail."

When construing a statute, we first examine the language found in the statute and where possible, we ascribe the plain and ordinary meaning to words used. *Collden Corp. v. Town of Wolfeboro*, 159 N.H. 747, 750 (2010). When a statute's language is plain and unambiguous, we need not look beyond it for further indicators of legislative intent. *Id.* Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. *Id.* We require "strict compliance with statutory requirements for service of process." *South Down*, 141 N.H. at 487; *see Lachapelle v. Town of Goffstown*, 134 N.H. 478, 479-80 (1991). "Where a statute points out a particular method of serving process . . . such method must be followed . . . ." *Bissonnette v. Alpine, Inc.*, 96 N.H. 419, 420 (1951).

Pursuant to RSA 510:4, II, in order to effect valid service of process over a nonresident defendant, several steps must be taken. First, "[s]ervice of process . . . may be made by leaving a copy thereof, with a fee of $10, in the hands or office of the secretary of state." RSA 510:4, II. Second, the plaintiff must send a "notice thereof and a copy of the process" by registered mail, postage prepaid, to the defendant at his last known abode or place of business in the state or country in which the defendant resides. *Id.* Third, "[t]he defendant's return receipt and an affidavit of the plaintiff or his attorney of compliance with [RSA 510:4, II]" must be attached to the process and filed with the trial court. *Id.* If a copy of the process is not delivered to or accepted by the defendant, the court may order additional notice. *Id.*

Impact Food did not follow this statutory procedure. Initially we note that although the record is not clear, it appears that Impact Food sent a letter to the sheriff's office enclosing a writ of summons, along with copies for service on the secretary of state and simultaneously sent a copy of the same letter by certified mail to Evans. The statute, however, requires that the certified mailing to the defendant include notice of the effected service on the secretary of state, which it could not have done if the mailing to the defendant was accomplished simultaneously with that to the sheriff's office. This same issue was addressed by the United States Court of Appeals for the First Circuit in *M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361 (1st Cir. 2004).

In *M & K Welding*, to comply with the service of process requirements under RSA 510:4, II, the plaintiff sent copies of a summons and complaint to the Merrimack County Sheriff for service on the secretary of state. On the same day, the plaintiff sent another copy of the documents by registered mail to the defendant's address in New Jersey. *Id.* at 363. In the letter to the defendant, the plaintiff stated that it had on that day "forwarded copies of the Writ of Summons and Complaint to the

Merrimack County Sheriff for service upon the New Hampshire Secretary of State, as required by statute." *Id.* (quotation omitted). The deputy sheriff's return indicated that service on the secretary of state was made on September 12, 2002. *Id.* At the defendant's office, the return receipt for the registered mail had been signed on September 5. *Id.*

The First Circuit initially reviewed the statutory language, stating that:

> [T]he statute proclaims the effect of "service," defined as leaving a copy plus fee of $10 in the office of the Secretary, as having the same effect as if "served on the defendant at his abode." This is immediately followed by the proviso, "provided that notice thereof . . . is forthwith sent . . . to the defendant." This can mean only notice of the referent of "thereof," which is "service" — not intention to make service, expectation that service will take place, or commencement of action hopefully leading to service. Here, notice was given of a preliminary step to service on the Secretary, i.e., sending the documents to a county sheriff for eventual service. . . .
>
> Moreover, "forthwith," without any definite starting point, loses all significance. In the case at bar, the time referenced could have varied widely. As it happened, [plaintiff] maintains that it meant that a copy of the process was properly sent immediately after its letter requesting service was sent to a sheriff on September 5. But if actual service had been the triggering event, "forthwith" would mean that a copy of the process would have been sent at least a week later.

*Id.* at 366 (ellipses omitted). Expressing its opinion that it was likely "a New Hampshire court would take literally the requirement in section 510:4, II that notice be given of the actual service on the Secretary of State," the court declined to stretch the meaning of "notice thereof" to include notice of actions and stages short of completed service. *Id.* at 365-66.

■ We agree with the First Circuit's construction of RSA 510:4, II. Black's Law Dictionary defines "service" as: "The formal delivery of a writ, summons, or other legal process . . . [a]lso termed service of process." BLACK'S LAW DICTIONARY 1491 (9th ed. 2009) (italics omitted). Accordingly, service of process does not occur until the process is "in the hands or office of the secretary of state." RSA 510:4, II. Pursuant to RSA 510:4, III, the secretary of state shall keep a record of all process served, "and said record shall show the date and hour of *service* in the hands or office of the secretary of state." (Emphasis added.) Under the plain language of the statute, therefore, notice of service of process on the secretary of state may

not be given before the service has taken place. To hold otherwise adds words to the statute that the legislature did not see fit to include. *See State Employees Assoc. of N.H. v. N.H. Div. of Personnel*, 158 N.H. 338, 343 (2009) (we will not add language that the legislature did not see fit to include).

In the case before us, Impact Food sent a letter on November 26 to the Merrimack County Sheriff enclosing a copy of the writ of summons, along with copies for service on the secretary of state. That same day, a copy of the letter was sent by certified mail to Evans. The secretary of state was not served, however, until November 29, and the writ and the affidavit of service from the sheriff were not filed with the court until December 10. In order to comply with the statute, Impact Food should have waited to give notice to Evans until after it had effected service on the secretary of state. Short of that, the mailing to Evans on November 26 only contained notice of "the commencement of, or some preliminary stage of, the process of serving." *M & K Welding*, 386 F.3d at 366.

Impact Food argues that Evans never raised this issue before the trial court and therefore ought to be precluded from raising it for the first time on appeal. We disagree and read Evans' arguments made in his motion to vacate judgment and motion to dismiss, and supporting memorandum of law, as adequately raising this issue. *See Plourde Sand & Gravel v. JGI Eastern*, 154 N.H. 791, 799 (2007).

Impact Food also argues that it in fact complied with the requirement that it first serve the secretary of state because on January 15, 2008, it sent a second letter to Evans by certified mail enclosing a copy of the writ and notifying Evans that "the NH Secretary of State has been served as your registered agent in the state for transacting business within this state." However, assuming, without deciding, that the statement in the January 15 letter that the secretary of state had been served is sufficient to comply with the statutory requirement that notice be given of the effected service on the secretary of state, such service was likewise deficient. RSA 510:4, II requires that notice of service on the secretary of state and a copy of the process be sent "forthwith" to the defendant. Webster's Dictionary defines "forthwith" as "with dispatch: without delay: within a reasonable time . . . : IMMEDIATELY . . . immediately after some preceding event." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 895 (unabridged ed. 2002). Accordingly, the term "forthwith" connotes a sense of immediacy. Here, service on the secretary of state was effected on November 29, 2007. In order for notice thereof and a copy of the process to be sent "forthwith," such mailing should have occurred immediately after the effected service

on the secretary of state. We cannot conclude that the second letter mailed to Evans approximately six weeks later satisfies the statutory requirement that notice be sent "forthwith."

■ Finally, Impact Food argues that service was effected by sending the copies it had sent by certified mail to the same address via first class mail. RSA 510:4 does not authorize service on an out-of-state defendant by providing notice by first class mail. However, RSA 510:4, II provides, "In the event that the notice and a copy of the process are not delivered to or accepted by the defendant, *the court may order* such additional notice, if any, as justice may require." (Emphasis added.) We do not interpret this plain language as authorizing the plaintiff to attempt to effect service of process in a manner not specified by the statute without a court order. *See South Down*, 141 N.H. at 489 ("[t]he manner of service of process prescribed by the legislature in cases where jurisdiction is acquired under RSA 510:4, I, is via RSA 510:4, II. If that method fails, then plaintiffs may request the superior court to order such additional notice as the case requires, either by virtue of the last sentence of RSA 510:4, II or RSA 510:8."). Rather, under RSA 510:4, II, the legislature has specifically provided that when the notice and a copy of the process are undeliverable or not accepted, a court order is the sole authority for effecting service of process by a method other than that set forth in the statute.

The plaintiff cites case law from other jurisdictions which holds that when certified mail is returned unclaimed and there is evidence that regular mail was received at the same address, then the defendant is deemed to be avoiding service and service by regular mail is adequate. *See, e.g., McFarland v. Dippel*, 756 So. 2d 618 (La. Ct. App.), *cert. denied*, 770 So. 2d 349 (La. 2000); *First Resolution Inv. v. Seker*, 795 A.2d 868 (N.J. 2002). The cases cited, however, are governed by the specific language of the applicable statutes or rules. In *McFarland*, "[u]nder the clear wording of [the long-arm statute], all that is necessary to constitute service upon a non-resident . . . is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person. There is no requirement under [the statute] for a signed return receipt." *McFarland*, 756 So. 2d at 622. Likewise, in *First Resolution*, a court rule governing service of a notification for wage execution mandated that service "shall be made by registered or certified mail, return receipt requested, to the party's last known address; or if the party refuses to claim or to accept delivery, by ordinary mail to the last known address." *First Resolution*, 795 A.2d at 871 (quotation, ellipsis, and italics omitted).

Service is effected only if the provisions of the applicable statute are complied with literally. For example, in *Adams v. Sullivan*, 110 N.H. 101 (1970), the brother-in-law of the defendant accommodated a deputy sheriff by leaving a copy of a summons and complaint at the defendant's home on the sheriff's behalf. *Id.* at 102. The applicable statute, RSA 510:2, provided that process "shall be served by giving to the defendant or leaving at his abode an attested copy thereof." *Id.* at 103 (quotation omitted). Because "writs are addressed to the sheriff in contemplation that he will serve them," we affirmed dismissal of the suit on the ground that, though actual notice was received, service was not executed by a sheriff. *Id.* at 103-04. In *South Down Recreation*, 141 N.H. at 485, out-of-state defendants were served in their home community by a sheriff of that state. We held that RSA 510:4, II does not authorize out-of-state personal service and that the only alternative method recognized is a request to the trial court to order additional service. *Id.* at 487, 489. Finally, most recently, in *Lunt*, 150 N.H. at 97, although service on the secretary of state had been made and, according to counsel, registered mail had been sent to the defendants, we reversed the trial court's denial of a defendant's motion to dismiss the suit for lack of personal jurisdiction because there was no record of the registered mail service and return receipts of such service on file with the court as required by RSA 510:4, II.

Citing *Nault v. Tirado*, 155 N.H. 449 (2007), and *Duncan v. McDonough*, 105 N.H. 308 (1964), the dissent states that "[t]he 'overall purpose' of our statutes governing service of process is to 'afford[] the defendant constitutionally sufficient notice' " and that "the goal of RSA 510:4 must be 'to provide for notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Nault* and *Duncan*, however, dealt solely with RSA 510:2 and service on in-state defendants. RSA 510:4 was not at issue in either of these two cases and thus they are neither controlling nor persuasive regarding service on an out-of-state defendant.

In *Nault*, the issue before us was whether pursuant to RSA *510:2*, service had been properly perfected on a New Hampshire resident's "abode." *Nault*, 155 N.H. at 451. In *Duncan*, we concluded that the attempted service on an *in-state* defendant at the defendant's liability carrier's office in Manchester, rather than at his home address in Portsmouth, did not comply with the mandates of RSA *510:2* that "all writs and other processes shall be served by giving to the defendant or leaving at his abode an attested copy thereof . . . ." *Duncan*, 105 N.H. at 309 (quotation omitted).

■ "Service of process accomplishes *two* purposes. First, it establishes the court's jurisdiction over the defendant or the res in connection with the

action. Second, it informs the defendant of the pendency and the particulars of the proceeding. . . . [B]oth must be achieved before any constitutionally sufficient proceedings can begin." 4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 14.01, at 300-01 (2d ed. 1997) (emphasis added). Aside from the fact that *Nault* and *Duncan* are construing RSA 510:2, which governs resident service, and not RSA 510:4, which governs nonresident service, the dissent's conclusion that the purpose of our statutes governing service of process is to afford constitutionally sufficient notice undermines the fact that there are two underlying purposes to service of process: providing sufficient notice *and* establishing the court's jurisdiction over the defendant. While we agree that *notice* of the pending action is given by a copy of the writ, *jurisdiction* over the defendant is established by *service*. No case can proceed without effected service on the defendant in the manner prescribed by law. Indeed, the fact that a defendant has actual knowledge of attempted service does not render the service effectual if the process was not served in accordance with the requirements of the statute. *See Adams*, 110 N.H. at 103-04.

■■ Impact Food did not comply with the requirements set forth in RSA 510:4, II for effecting service of process on a nonresident defendant because service on the secretary of state had not occurred prior to Impact Food's first certified mailing to Evans. "[A] default judgment issued without jurisdiction over a defendant is void, . . . it remains vulnerable to being vacated at any time, and . . . such jurisdiction depends on the proper service of process. . . ." *M & K Welding*, 386 F.3d at 364. We hold that because the statutory requirements for service of process were not met in this case, the out-of-state defendant was not properly served and therefore the trial court never obtained personal jurisdiction over him. Accordingly, we reverse the trial court's order denying Evan's motion to vacate judgment and motion to dismiss. *See Adams*, 110 N.H. at 104-05 (RSA 508:10, permitting a new action within one year after judgment, applies to a suit dismissed for defective service of process).

*Reversed.*

DALIANIS, DUGGAN and CONBOY, JJ., concurred; HICKS, J., dissented.

HICKS, J., dissenting. Because I believe that the service effected in this case met all of the requirements of RSA 510:4, II (1997), I respectfully dissent.

As the majority correctly points out, we "consistently require strict compliance with statutory requirements for service of process." *South Down Recreation Assoc. v. Moran*, 141 N.H. 484, 487 (1996). Determination of what RSA 510:4, II requires entails an examination of the statute under

our well-settled rules of statutory construction. "When we interpret statutes, we look to the plain meaning of the words used. . . . In our analysis, we will focus on the statute as a whole, not on isolated words or phrases, presuming that the legislature did not use superfluous or redundant words." *Id.* (quotations and citation omitted).

RSA 510:4, II provides:

> Service of process upon any person who is subject to the jurisdiction of this state, as provided in this section, may be made by leaving a copy thereof, with a fee of $10, in the hands or office of the secretary of state. Such service shall be of the same legal force and effect as if served on the defendant at his abode or place of business in the state or country where he resides and according to the law of that state or country, provided that notice thereof and a copy of the process is forthwith sent by registered mail, postage prepaid, by the plaintiff or his attorney to the defendant at his last known abode or place of business in the state or country in which the defendant resides. The defendant's return receipt and an affidavit of the plaintiff or his attorney of compliance with the section shall be appended to the process and entered therewith. In the event that the notice and a copy of the process are not delivered to or accepted by the defendant, the court may order such additional notice, if any, as justice may require.

RSA 510:4, II.

Reading the statute as a whole, it sets forth three steps for effecting service of process upon a nonresident defendant. The first two are unqualified requirements: (1) "leaving a copy thereof, with a fee of $10, in the hands or office of the secretary of state"; and (2) sending, "forthwith," "notice thereof and a copy of the process . . . by registered mail, postage prepaid, by the plaintiff or his attorney to the defendant at his last known abode or place of business in the state or country in which the defendant resides." *Id.*

The majority does not note any deficiency in effecting the first step here, and the record supports that the secretary of state was properly served. As to the second step, the majority finds fault with the plaintiff simultaneously sending a copy of the writ to the defendant by certified mail and to the sheriff for service upon the secretary of state. Specifically, the majority states that "[i]n order to comply with the statute, Impact Food should have waited to give notice to Evans until after it had effected service on the secretary of state." In reaching its conclusion, the majority adopts the reasoning of the First Circuit Court of Appeals in *M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361 (1st Cir. 2004). The First Circuit

Court of Appeals' interpretation of our long arm statute, however, is not binding upon us, and we have never construed that statute to require waiting for the return of service upon the secretary of state. Nor would I do so now. The statute does not require it.

The First Circuit opined that "a New Hampshire court would take literally the requirement in section 510:4, II that notice be given of the actual service on the Secretary of State rather than the commencement of, or some preliminary stage of, the process of serving." *M & K Welding*, 386 F.3d at 365-66. I would not parse the statute so finely. The statute requires that "notice thereof," which the First Circuit concluded "can mean only notice of the referent of 'thereof,' which is 'service,' " *id.* at 366, must be sent to the defendant. While I agree that "notice thereof" means notice of service upon the secretary of state, I disagree that it requires notice that service has been completed. In my view, it requires only notice that the plaintiff or his attorney has instituted service upon the secretary of state in the customary way; namely, by forwarding the writ to the sheriff with instructions to serve it.

This interpretation is consistent with our standards of statutory construction. First, "[w]e will neither consider what the legislature might have said nor add words that it did not see fit to include." *Walker v. Walker*, 158 N.H. 602, 605 (2009) (quotation omitted). RSA 510:4, II itself makes no mention of service by the sheriff or his return of service. *Cf. Adams v. Sullivan*, 110 N.H. 101, 103-04 (1970) (noting that RSA 510:2 does not specify who must serve the defendant). Rather, service by the sheriff is implicit in the address of the writs themselves "to the sheriff in contemplation that he will serve them." *Id.* at 104; *see* RSA 104:5 (2001); RSA 509:3 (1997).

We have opined that "sheriffs and their deputies, like other public officers, are under a general duty to exercise reasonable skill and diligence in the performance of their official duties." *Demers v. Bisbee*, 106 N.H. 354, 356 (1965). One such official duty is that "[t]he sheriff and the sheriff's deputies shall serve and execute all writs and other precepts directed to the sheriff's department and issued from lawful authority." RSA 104:5. The duty arises upon delivery of the process to the sheriff and his acceptance thereof, and while "mere proof of mailing of legal process to a sheriff is not of itself evidence of delivery to the officer," we have held that where process is sent to a sheriff by registered mail and notice thereof is left at his residence, he is under a duty to exercise reasonable diligence in retrieving the registered mail from the post office. *Demers*, 106 N.H. at 356. Thus, the delivery of a writ to the sheriff sets in motion a legally-prescribed procedure for service of process upon the designated party. I would hold

that notice to the defendant that the plaintiff or his attorney has instituted this procedure constitutes "notice thereof," *i.e.*, notice of service, for purposes of RSA 510:4, II.

"Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *South Down Recreation*, 141 N.H. at 487 (quotation omitted). The "overall purpose" of our statutes governing service of process is to "afford[] the defendant constitutionally sufficient notice." *Nault v. Tirado*, 155 N.H. 449, 451 (2007). Accordingly, the goal of RSA 510:4 must be "to provide for notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Duncan v. McDonough*, 105 N.H. 308, 309 (1964) (quotation omitted). Notice of the pendency, and nature, of the action is given by the copy of the writ itself. Thus, we have noted that "[i]t is not the return . . . but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served." *Bissonnette v. Alpine, Inc.*, 96 N.H. 419, 420 (1951) (quotation omitted).

As one purpose of our service statutes is to "afford [the defendant] an opportunity to present [his] objections," *Duncan*, 105 N.H. at 309 (quotation omitted), I would find the interpretation that most expeditiously provides notice, and, therefore, gives the defendant the greatest length of time to prepare his response, most consistent with that goal. Indeed, RSA 510:4, II reflects the goal of expedition by directing that "notice thereof" be sent to the defendant "forthwith." RSA 510:4, II. I would conclude that simultaneous notice as effected here was within the legislature's contemplation and well satisfies the statute.

As the majority notes, a second purpose of service is the establishment of personal jurisdiction over the defendant. *See Bissonnette*, 96 N.H. at 420. I believe that once the service statute was complied with, consistent with the construction described herein, jurisdiction was established.

While, as previously noted, we "require strict compliance with statutory requirements for service of process," *South Down Recreation*, 141 N.H. at 487, strict compliance with a statute does not equate to strict construction of its terms. While the majority's interpretation of "service," based upon the term's definition in BLACK'S LAW DICTIONARY (9th ed. 2009), is a possible one, it is not, in my opinion, the most reasonable one. I would not "make a fortress out of the dictionary," but instead would heed the admonition to "remember that statutes always have some purpose or object to accomplish." *Zorn v. Demetri*, 158 N.H. 437, 440 (2009) (quotations omitted). That admonition is reflected in our rule of statutory construction providing that "[w]here reasonably possible, we will construe statutes to

effectuate their underlying policies." *Appeal of Rowan*, 142 N.H. 67, 74 (1997) (quotation omitted). I believe it is reasonably possible to construe RSA 510:4, II to authorize simultaneous service upon the secretary of state and notice to the defendant. Such a construction serves all of the purposes of effecting service and providing notice while also accommodating the practicalities of legal practice. Thus, perhaps not by coincidence, this is the construction placed upon the statute, and generally followed, by practitioners in this state. The majority's construction, on the other hand is, in my view, both unnecessary and unreasonable.

The record reflects that the plaintiff copied the defendant on the letter he sent to the sheriff, which itself stated: "Enclosed please find Writ of Summons along with copies for service on the New Hampshire Secretary of State along with a check in the amount of $10.00 made payable to the Secretary of State pursuant to RSA 510:4." I would hold that this is sufficient notice of service to comply with the second step in RSA 510:4, II.

The third step is that "[t]he defendant's return receipt and an affidavit of the plaintiff or his attorney of compliance with the section shall be appended to the process and entered therewith." RSA 510:4, II. This third "requirement" is qualified, however, by the sentence that follows it: "In the event that the notice and a copy of the process are not delivered to or accepted by the defendant, the court may order such additional notice, if any, as justice may require." *Id.* Reading the last two sentences of the statute together, if, as here, the notice and copy of the process are not accepted by the defendant, they need not be "appended to the process and entered therewith." *Id.* In that case, "the court *may* order such additional notice, *if any*, as justice may require." *Id.* (emphasis added). The plain import of this language is that there are cases in which no additional notice is required. In this case, the trial court determined that "[a]dequate service has been made." I would read this as a finding that justice required no additional notice.

The majority concludes that the provision for additional notice does not "authoriz[e] the plaintiff to attempt to effect service of process in a manner not specified by the statute without a court order." Neither, however, does the statute prohibit a plaintiff from voluntarily providing more notice than the statute requires. I do not believe we should read the trial court's order as an after-the-fact sanction of an unauthorized method of service. Rather, in light of my conclusion that the first two steps in RSA 510:4, II had been properly completed prior to sending the letter by first class mail, I would read the court's order as an acknowledgment that all mandatory portions of the statute had been complied with and that, whether in light of, or notwithstanding, the additional notice by first class mail, no further notice was required. Granted, the plaintiff could have asked the court whether

additional notice was required prior to sending the first class letter, *see South Down Recreation*, 141 N.H. at 489, and at that point, the court's answer might have been different. While such a step might have been prudent, however, it was not mandated by either the plain language of the statute or our decision in *South Down Recreation*, 141 N.H. at 489 (stating that if method of service provided in RSA 510:4, II "fails, then plaintiffs *may* request the superior court to order . . . additional notice" (emphasis added)). I see no reason to fault the plaintiff in this case for either doing something not prohibited, or failing to do something not required, by the relevant statute.

Finally, *Adams, South Down Recreation* and *Estate of Lunt v. Gaylor*, 150 N.H. 96 (2003), are distinguishable and therefore not contrary to the conclusion I reach. In *Adams*, service was not made by a sheriff, *Adams*, 110 N.H. at 103-04, and in *South Down Recreation*, the plaintiff did not attempt service upon the secretary of state but rather effected abode service upon the defendant in Massachusetts, a method of service not authorized by statute. *South Down Recreation*, 141 N.H. at 485, 487. In the instant case, service was properly made upon the secretary of state by a sheriff.

In *Lunt*, the plaintiff "had no record of the registered mail service [upon the defendant] and had not filed the return receipts for service with the court." *Lunt*, 150 N.H. at 97. Furthermore, the trial court concluded that service was defective. *Id.* By contrast, in this case, the plaintiff has proof of the registered mail service and the return receipt is unavailable precisely because the notice went unclaimed by the defendant. The trial court here concluded that service was not defective, implicitly finding that no additional notice was required. *See Smith v. Lillian V. Donahue Trust*, 157 N.H. 502, 508 (2008) (noting we assume the trial court makes "all subsidiary findings necessary to support its decision"). I would not disturb that determination. For all of the foregoing reasons, I respectfully dissent.