**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0565, <u>In the Matter of Alexandra Starr and David Starr</u>, the court on November 9, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The respondent, David Starr (husband), appeals an order of the Circuit Court (<u>Moore</u>, J.) entering a default judgment against him on a post-divorce motion by the petitioner, Alexandra Starr (wife), regarding his "non-payment of [a]limony and non-performance of other obligations." The husband contends that the trial court erred when it found that he was properly served.

The parties were divorced in Hawai'i. Although the parties had no children, the wife sought to register the Hawai'i final divorce decree in New Hampshire pursuant to RSA 458-A:26 (Supp. 2014), which governs the registration of foreign child-custody determinations. The request to register the decree stated that the husband "has failed to pay [a]limony and other [c]ourt [o]rdered payments." It did not, however, state the amount of the arrearage or request any action by the trial court.

After attempting unsuccessfully to serve the request to register on the husband where she believed he was living in New Hampshire, the wife received permission from the court to effect alternative service upon the husband's current spouse at her place of employment. Because the husband does not contest the efficacy of this service, we assume, without deciding that the parties' Hawai'i divorce decree was properly registered in New Hampshire. <u>But</u> <u>see</u> RSA 546-B:43, II (2007) (requiring notice of registration of family support order to include amount of any alleged arrearages).

A support order from another state that is registered in New Hampshire "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state." RSA 546-B:41, II (2007). The wife's counsel represented to the trial court that, after the decree was registered, the matter was placed on the inactive docket. The wife subsequently moved to bring the matter forward and requested a hearing.

To the extent that the wife argues that the service of process in connection with the registration of the Hawai'i decree was sufficient to establish the trial court's personal jurisdiction over the husband with regard to her motion to bring forward and collect alimony arrearages, we disagree. We conclude that, when she moved to bring the matter forward, the wife was required to serve the husband in connection with that matter. See RSA 458:9 (Supp. 2014); Fam. Div. R. 2.31(B)(2).

When the wife moved to bring the matter forward and requested a hearing, she sought and received the trial court's permission for alternative service "by serving [the husband] via . . . [the] Registered Agent" of the limited liability company (LLC) that she claimed employed him. The husband represents that he had stopped working for the LLC approximately five months before the wife served its agent and did not reside in New Hampshire at the time of service, and he notified the trial court by letter of these facts.

The wife argues that "service of process [on the LLC] was proper whether [the husband] resided in or outside of New Hampshire." She contends that RSA 458-A:7, I (Supp. 2014), which allows service of child-custody determinations on nonresidents "in a manner prescribed by the law of this state for service of process," authorized such service because the trial court granted her motion for alternative service of the motion to bring forward.

However, RSA 458-A:7, I, is not applicable here because child custody is not at issue. Furthermore, we conclude that, even if RSA 458-A:7, I, governed, alternative service upon the LLC was improper as a matter of law. See Impact Food Sales v. Evans, 160 N.H. 386, 395 (2010) (stating service on nonresident defendant pursuant to RSA 510:4 (2010) effected only if the provisions of applicable statute are complied with "literally"); Adams v. Sullivan, 110 N.H. 101, 102, 104 (1970) (stating service made upon unauthorized agent at resident defendant's place of business improper); Duncan v. McDonough, 105 N.H. 308, 309 (1964) (stating service upon resident defendant's liability insurance carrier improper).

The wife argues that the husband had actual notice of the proceeding. However, strict compliance with service of process statutes is required to vest the trial court with personal jurisdiction; actual notice alone is not sufficient. See Impact Food, 160 N.H. at 395 (nonresident defendant); Adams, 110 N.H. at 102, 104 (resident defendant). The wife does not cite, nor are we aware of, any authority requiring the husband to inform the trial court of his change of address under these circumstances. The wife argues that the husband "provided no proof whatsoever" that he had moved out of New Hampshire. However, the plaintiff bears the burden of demonstrating facts sufficient to establish personal jurisdiction over the defendant. Mosier v. Kinley, 142 N.H. 415, 418 (1997).

2

When jurisdictional facts are challenged, the plaintiff must offer affirmative proof. Id. In this case, the wife did not offer such proof, but relied upon the service on the LLC.

The trial court did not rule on whether the husband's letter to it waived his objection to service of process. To the extent that the trial court implicitly found that the letter constituted a waiver, we conclude that it erred. See Mahindra & Mahindra v. Holloway Motor Cars of Manchester, 166 N.H. 740, 748 (2014) (stating when waiver is based solely upon letter, we will review finding de novo). The wife argues that the portion of the letter stating, "I request that you not require my attendance nor grant their requests," "recognized and submitted to the lower Court's jurisdiction."

However, it is well settled that a challenge to jurisdiction is insufficient to confer jurisdiction over the movant. Estate of Lunt v. Gaylor, 150 N.H. 96, 97 (2003). Notwithstanding the husband's failure to copy the wife, the letter did not assert an affirmative defense or address the merits of the case in any way. See Mahindra, 166 N.H. at 749 (listing actions that constitute waiver of objection to service of process). Accordingly, we conclude that the letter did not constitute a waiver of the husband's objection to service of process. See id. at 751 (stating defendant did not waive objection to jurisdiction because it did not address the merits of the plaintiffs' claims).

Because the husband was never properly served with the motion to bring forward, we conclude that the trial court never acquired jurisdiction over him. Accordingly, we vacate the trial court's order and direct the trial court, upon remand, to dismiss the matter.

Vacated and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**