**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0277, <u>Cecil Curran v. Aaron Puyana</u>, the court on November 10, 2016, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Aaron Puyana, a Florida resident, appeals the order of the Circuit Court (<u>Spath</u>, J.) denying his motion to dismiss or to strike the default judgment entered against him in the amount of $13,570.37 for nonpayment of rent and damages to residential premises leased from the plaintiff, Cecil Curran. The defendant argues that service of process was defective.

The defendant first argues that service was defective because the plaintiff failed to comply with RSA 510:4 (2010), which requires service of process on the secretary of state. We review a trial court's ruling on a motion to dismiss for lack of personal jurisdiction <u>de</u> <u>novo</u>. <u>Chick v. C & F Enters.</u>, 156 N.H. 56, 557 (2007). In order to obtain jurisdiction over an out-of-state defendant, proper service is required. <u>Impact Food Sales v. Evans</u>, 160 N.H. 386, 390 (2010). RSA 510:4 is this state's long-arm statute. <u>Id</u>. We require strict compliance with the statutory requirements for service of process. <u>Id</u>. at 391. Pursuant to RSA 510:4, II, service of process on an out-of-state defendant requires leaving a copy of the process, with a fee of $10, with the secretary of state. In <u>Evans</u>, we held that proof of service on the secretary of state must be sent to the defendant by registered or certified mail. <u>Id</u>. at 392-93.

There is no dispute in this case that the plaintiff did not serve process on the secretary of state. However, "[t]he method of service provided by [RSA 510:4, II] is not exclusive and service on nonresident individuals may be made in any other manner provided by law." RSA 510:4, V. One such manner is service by consent. "Consent has long been recognized as a stand-alone basis for exercising personal jurisdiction, existing independently of long-arm statutes." <u>Chick</u>, 156 N.H. at 558 (quotation omitted). In this case, the trial court found that the defendant consented to jurisdiction by completing, signing, and returning to the plaintiff an "acceptance of service" form. The defendant argues that although he executed the form, he did not waive the requirement that service be made on the secretary of state.

The acceptance of service form that the defendant signed bears the caption and docket number of the case. The first paragraph of the form states, "I, Aaron Puyana, pro se, hereby accept service of a Writ of Summons, Petition to Attach Without Notice and the Writ of Attachment and Trustee Process issued by the court in this matter on August 18, 2014, and further waive the right to formal service by a deputy sheriff." (Underlining omitted.) The second paragraph states, "All other defenses and defects are hereby preserved." We agree with the trial court that the defendant, by returning the acceptance of service form to the plaintiff signed, notarized, and dated, consented to personal jurisdiction in this case. Because consent is a stand-alone basis for exercising personal jurisdiction, compliance with RSA 510:4, II, including service on the secretary of state, was not required. See Chick, 156 N.H. at 558. Accordingly, we conclude that the trial court did not err in denying the defendant's motion to dismiss or to strike the default judgment.

The defendant next argues that the plaintiff failed to properly serve his post-judgment motion for periodic payments. It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The defendant has failed to show that he raised this issue in the trial court. Nor did he include it in his notice of appeal. Progressive N. Ins. Co. v. Argonaut Ins. Co., 161 N.H. 778, 784 (2011) (issues not raised in notice of appeal are waived). Accordingly, we decline to address this issue. See Bean, 151 N.H. at 251.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2