# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0108, <u>Trailer Home Village Cooperative, Inc. v. Michael Frigon & a.</u>, the court on November 30, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Michael Frigon and Brooke Tate a/k/a Brooke Frigon, appeal orders of the Circuit Court (<u>Stephen</u>, J.) denying defendant Tate's motion to dismiss for lack of service of process, <u>see</u> RSA 205-A:3 (2011); RSA 540:5 (Supp. 2015), and granting the motion for a writ of possession in favor of the plaintiff, Trailer Home Village Cooperative, Inc., <u>see</u> RSA 205-A:9 (2014) ("The provisions of RSA 540 shall apply to tenancies in manufactured housing parks except where such application would produce a result inconsistent with or contrary to the provisions of this chapter."); RSA 540:14 (Supp. 2015). The defendants contend that the trial court erred by finding that: (1) defendant Tate was properly served; (2) the demand for rent did not exceed the rent due; and (3) the charge imposed upon lessees who are not members of the plaintiff was "reasonable and enforceable."

We first address whether defendant Tate was properly served. RSA 205-A:3 provides that "[a] tenancy in a manufactured housing park may be terminated . . . upon giving notice in writing to the tenant in the manner prescribed by RSA 540:5." RSA 540:5 provides that "[a]ny notice of a demand for rent or an eviction notice . . . may be served upon the tenant personally or left at his or her last and usual place of abode."

Strict compliance with the statutory requirements for service of process is required to provide a defendant with constitutionally sufficient notice of the action and to vest the trial court with jurisdiction over the defendant. <u>Nault v. Tirado</u>, 155 N.H. 449, 451 (2007). The defendant's actual knowledge of attempted service does not render the service effectual if the process was not served in accordance with the requirements of the statute. <u>Impact Food Sales v. Evans</u>, 160 N.H. 386, 396 (2010).

In this case, the plaintiff served defendant Tate by leaving the demand and eviction notices at the manufactured housing unit owned by her and occupied by defendant Frigon. Both parties acknowledge that defendant Tate did not live there. However, a defendant must seek an immediate appeal or waive the ability to later attack the trial court's ruling on personal jurisdiction. <u>Mosier v. Kinley</u>,

142 N.H. 415, 423 (1997). Defendant Tate did not immediately appeal the trial court's denial of her motion to dismiss due to lack of service. Instead, she allowed the case to proceed on the merits. Accordingly, we conclude that she waived her challenge to the trial court's exercise of jurisdiction over her based upon defective service of process. See id.

We next address whether the plaintiff's demand for rent exceeded the rent due. RSA 205-A:4 (2014) authorizes the termination of a tenancy in a manufactured housing park for "[n]onpayment of rent, utility charges, or reasonable incidental service charges." RSA 205-A:4, I. Pursuant to RSA 540:8 (2007), a landlord's demand for rent may not exceed "the whole rent in arrears when demand is made." See Buatti v. Prentice, 162 N.H. 228, 230 (2011) (stating landlord has burden of proving strict compliance with RSA 540:8).

In this case, the defendants acknowledge that there was "contradictory testimony on whether the Demand for Rent included any charges besides rent." They then argue, however, that the "Demand for Rent included other charges for late fees and liquidated damage fees," without explaining why this is necessarily the case or why fees whose non-payment may justify the termination of a tenancy under RSA 205-A:4, I, may not be included in a demand for rent under RSA chapter 205-A. We conclude that under the circumstances, the defendants have not adequately developed this argument. Accordingly, we decline to address it. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Finally, we address whether the charge to lessees who are not members of the plaintiff are reasonable and enforceable. We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. Sherryland v. Snuffer, 150 N.H. 262, 265 (2003). Legal conclusions, as well as the application of law to fact, are reviewed independently for plain error. Id. Accordingly, our inquiry is to determine whether the evidence presented to the trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law. Id. Finally, we review questions of law de novo. Id.

The defendants argue that the non-member charge is "an administrative fee on . . . utilities expenses" and violates RSA 205-A:6, III (2014), which prohibits a manufactured housing park that "is billed as a single entity for any utility service" from "charging . . . tenants an administrative fee in relation to such utility service, except as permitted by the public utilities commission." They base this argument solely upon the fact that the plaintiff encouraged members to vote for increases in the non-member charge because it hypothesized that non-members might "abuse" utilities and "willfully inflict increased [utility] costs upon the Co-Op." In light of the evidence presented, however, we cannot conclude that

the trial court was required, as a matter of law, to find that the non-member charge violated RSA 205-A:6, III.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
