# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0290, <u>Baboucar Taal & a. v. Otto Nor, Alison Holding Co. & a.</u>, the court on April 1, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Baboucar Taal, appeals an order of the Superior Court (<u>Delker</u>, J.) denying his motions: (1) to substitute two Swiss companies for the judgment debtor, FIBI Bank (Switzerland), Ltd. (FIBI Bank); (2) to enforce against the two Swiss companies the 2011 judgment he obtained against FIBI Bank; and (3) for periodic payments.

The record on appeal shows that in 2011, the plaintiff obtained a default judgment against the defendants Otto Nor, Alison Holding Co., and FIBI Bank, in the amount of $84,000 plus interest and costs. It appears that a Swiss company called CBH Compagnie Bancaire Helvetique SA (CBH) acquired FIBI Bank's assets and that another Swiss company, Deloitte Zurich, served as the liquidator of FIBI Bank's assets. The plaintiff sought to enforce against CBH and Deloitte Zurich the 2011 judgment he obtained against FIBI Bank.

In denying the plaintiff's motions, the trial court explained that "to ensure that [the] [c]ourt has jurisdiction over the purported new defendants and that their liability as successor-in-interest to the judgment debtor is properly litigated, the plaintiff must bring a separate action to enforce the judgment debt with proper service of process upon any party he seeks to hold liable for the judgment debt." The court also explained that, to serve the Swiss companies, the plaintiff might have to serve process through international treaties, or, at a minimum, if the companies have registered agents in the United States, serve those agents through out-of-state process. The court cited <u>Impact Food Sales v. Evans</u>, 160 N.H. 386, 390 (2010), which describes the requirements for out-of-state process pursuant to New Hampshire's long-arm statute, RSA 510:4 (2010).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our

review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that he has not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**