**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0566, <u>Normand Higham, P.A. v. Bette Plant</u>, the court on February 28, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendant, Bette Plant, appeals decisions of the Circuit Court (<u>Hall</u>, J.) denying her motion to dismiss for defective service of process, and entering judgment on her default.  <u>See Dist. Div. R.</u> 3.42(d).  We reverse.

Strict compliance with the statutory requirements for service of process is required for the trial court to obtain personal jurisdiction over a defendant.  <u>See</u> <u>Impact Food Sales v. Evans</u>, 160 N.H. 386, 390-91, 396 (2010); <u>South Down Recreation Assoc. v. Moran</u>, 141 N.H. 484, 486-87 (1996).  To effect valid service of process upon a nonresident defendant under RSA 510:4, II (2010), the plaintiff is generally required to (1) leave a copy of the relevant process, with the relevant fee, with the secretary of state, (2) send a notice and copy of the process by registered mail, postage prepaid, to the defendant's last known abode or place of business in the state or country in which the defendant resides, and (3) file the return receipt and an affidavit of compliance with RSA 510:4, II, attached to the process, with the trial court.  <u>Impact Food Sales</u>, 160 N.H. at 391.  If the process is not delivered to, or accepted by, the defendant, the trial court may order additional notice.  <u>Id</u>.  Absent a court order, service upon a nonresident defendant in a manner other than that set forth in RSA 510:4, II, including service in hand or upon the abode of the nonresident defendant, is ineffective.  <u>See</u> <u>Impact Food Sales</u>, 160 N.H. at 394; <u>South Down Recreation Assoc.</u>, 141 N.H. at 489.

In this case, the trial court found that "[t]he record of service, by registered mail, upon [the defendant] at her last known address in [Connecticut was] inconclusive on the issue of service."  Accordingly, the trial court ordered the plaintiff to "expeditiously re-attempt service on [the defendant] at her residence in Connecticut, by registered mail, postage prepaid, with a copy of its original service packet." (Emphasis omitted.)  The trial court did not authorize the plaintiff to effect service in hand or upon the abode of the defendant.  Nevertheless, the record unequivocally establishes that the plaintiff purported to effect service upon the defendant by having a Connecticut marshal leave a copy of the process with someone who worked at an assisted living facility at which the defendant was residing.  Thereafter, the marshal's affidavit of service was filed with the trial court, and the trial court entered default against the

defendant. We note that the defendant asserts that she did not, in fact, receive notice of the action until she received the plaintiff's subsequent motion for the entry of final judgment upon her default.

Because the plaintiff did not have judicial authorization to effect in-hand service by a marshal upon staff at the assisted living facility where the defendant resided, the trial court never obtained personal jurisdiction over the defendant. South Down Recreation Assoc., 141 N.H. at 489. Accordingly, the trial court erred by denying the motion to dismiss and entering final judgment.

Reversed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**